BLACK *v.* POWELL.

1. STATUTES—CONSTITUTIONAL LAW—RE-ENACTING OLD SECTIONS LEFT INTACT.

Where old sections of Act No. 222, Pub. Acts 1913, were left intact by amending statute (Act No. 361, Pub. Acts 1927), it was not necessary, under Constitution (article 5, § 21), to re-enact and publish at length old sections.

2. SAME—TITLE AND PURPOSE OF ACT.

Act No. 361, Pub. Acts 1927, amending title of Act No. 222, Pub. Acts 1913, prohibiting sale of unclean and insanitary cream and milk, and adding five new sections thereto, regulating marking of milk bottles and containers, registry of identification marks, and use and sale of milk bottles, is not contrary to provision of Constitution (article 5, § 21), that no law shall embrace more than one object, which shall be expressed in its title, since new matter is within purpose of original act, and is within title as amended.

Appeal from Saginaw; Martin (William H.), J. Submitted June 11, 1929. (Docket No. 126, Calendar No. 34,448.) Decided October 7, 1929.

Bill by John C. Black and others to restrain Herbert E. Powell, Commissioner of Agriculture, and others from enforcing Act No. 361, Pub. Acts 1927. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Pierson & McLaughlin,* for plaintiffs.

*Wilber M. Brucker,* Attorney General, and *Paul G. Eger,* Assistant Attorney General (*Ernest C. Smith,* of counsel), for defendants.

WIEST, J. Plaintiffs are milk dealers in Saginaw county, and filed the bill herein to restrain defendants from enforcing Act No. 361, Pub. Acts 1927. The bill was dismissed in the circuit court, and plaintiffs appealed.

Since the hearing in the circuit the mentioned act has been amended by Act No. 60, Pub. Acts 1929, and this has eliminated several questions, and leaves only the following contentions: (1) The act expresses more than one object. (2) The object of the act is not expressed in the title. (3) The act "attempts to revise, alter or amend a law by reference to its title only without re-enacting and publishing at length the act revised by section or sections of the act altered or amended."

The act of 1927 amended Act No. 222, Pub. Acts 1913 (2 Comp. Laws 1915, § 6417 *et seq.*). The act of 1913 was a health measure to insure wholesome milk to the public, and the provisions of the act ran true to such purpose. By the act of 1927 the title to the act of 1913 was amended "to prevent fraud by misbranding and to regulate traffic in registered containers," and five new sections to such end were enacted. The old sections were left intact, and, therefore, it was not necessary to re-enact and publish at length such old sections. Had the 1927 act revised, altered, or amended sections of the 1913 act it would have been necessary to re-enact and publish the same at length. Constitution, art. 5, § 21. The five added sections covered matter within the title as amended.

It is claimed that such new matter, regulating the marking of milk bottles and containers, registry of identification marks, and the use and sale of milk bottles, is foreign to the sanitary purpose of the act of 1913 and results in a law embracing more than

one object, and, therefore, is contrary to the provision that:

"No law shall embrace more than one object, which shall be expressed in its title." Constitution, art. 5, § 21.

The 1913 act was a sanitary measure for the protection of public health, and reached the establishments and outfits of milk dealers. Having imposed regulation, it was proper and in line with the same object to amplify that law so as to require milk dealers to employ containers with identity marks and prohibit unauthorized use or sale thereof by others. The law, as amended in 1927, seeks to insure pure milk, to be delivered in sanitary containers, protects marked containers from deceptive use, makes responsibility traceable, and protects the owner of containers from loss. The property protected is used in a business subject to regulation in behalf of public health, and, the law having so subjected the property, the same law may protect the public and the owners of the property so employed from fraud, imposition, misbranding, and sale or use by others.

The decree in the circuit is affirmed, with costs against plaintiffs.

NORTH, C. J., and FEAD, POTTER, and SHARPE, JJ., concurred. CLARK and McDONALD, JJ., did not sit. The late Justice FELLOWS took no part in this decision.