TOWNSHIP OF PORT HURON *v.* BOARD OF AUDITORS OF
ST. CLAIR COUNTY.

1. STATUTES—REPEALS BY IMPLICATION.
   Repeals of statutes by implication are not favored.

2. SAME—LOCAL ACTS—CONSTITUTIONAL LAW.
   Local acts enacted under the Constitution of 1850 are effective
   until repealed notwithstanding curtailment of the power of
   the legislature to enact new ones under the Constitution of
   1908 (art. 5, § 30).

3. HEALTH—CONTAGIOUS DISEASES—MUNICIPAL LIABILITY FOR EX-
   PENSES—STATUTES.
   Special act making townships of St. Clair county liable for ex-
   pense of care of persons sick with contagious diseases or dis-
   eases dangerous to the public health where county was then
   primarily liable for same, but authorizing board of super-
   visors to audit, allow and order such claims paid by the
   county, should majority of members thereof see fit to do so,
   *held,* constitutional and not repealed by subsequent amendments
   to the general law (Act No. 365, Local Acts 1897; 2 Comp.
   Laws 1897, § 4424).

4. STATUTES—LOCAL ACTS—CLASSIFICATION.
   Local acts were permissible under Constitution of 1850 if the
   operation thereof was general within designated territory and
   carried no arbitrary departure from public policy as to classes
   therein.

5. HEALTH—CONTAGIOUS DISEASES—TOWNSHIPS—COUNTIES.
   Public policy is in the prevention of the spread of disease dan-
   gerous to public health and not whether the township or
   county shall stand the expense of preventing the spread, so
   exception of townships in St. Clair county from right to
   have, as of course, reimbursement from county was clearly
   for legislative determination.

Appeal from St. Clair; Robertson (William), J. Submitted October 23, 1934. (Calendar No. 38,082.) Decided December 10, 1934.

Petition by the township board of the Township of Port Huron for a writ of mandamus to compel the Board of County Auditors of St. Clair County to audit and allow the expenses incurred in treating a person having a communicable disease. Plaintiff reviews denial of writ by appeal in the nature of certiorari. Affirmed.

*W. L. Jenks,* for plaintiff.

*Laurie O. Telfer,* Prosecuting Attorney, and *Arthur M. Mann* and *Gordon E. Tappan,* Assistants Prosecuting Attorney, for defendant.

Wiest, J. The township of Port Huron presented to the board of auditors of St. Clair county a claim for care and expenses incurred in behalf of a person with a disease dangerous to the public health. The board refused to allow the claim, and the circuit court refused a writ of mandamus requiring the board to do so. The township reviews by appeal in the nature of certiorari.

Act No. 365, Local Acts 1897, made townships in St. Clair county liable for "all claims incurred in the care of persons sick with contagious diseases, or diseases dangerous to the public health, * * * where said county is now primarily liable for the payment of the same," but authorized the board of supervisors to audit and allow and order such claims paid by the county, "whenever in the opinion of a majority of the entire members of said board the township * * * primarily liable for such claims * * * should be relieved in part or in whole from the payment of the same."

At that time the general law, 2 Comp. Laws 1897, § 4424 (see 2 Comp. Laws 1929, § 6489), placed liability on the county, and this accounts for the expression in the local act "where said county is now primarily liable." The local act of 1897, permissible under the then Constitution of 1850, required the township to pay the mentioned expenses. This was an exception to the general law and is still an exception unless it be held that subsequent amendments to the general law have, by implication, repealed the local act, or that the local act was never valid. No express repeal appears. Repeals, by implication, are not favored.

The legislature in 1897 carved out from the general law the exception noted. Did subsequent amendments or re-enactment of the general law on the subject, without exception relative to St. Clair county, operate to render nugatory the provisions of the local act? Until the Constitution of 1908 (article 5, § 30), forbade local acts in cases where a general act can be made applicable, it was common for the legislature to make such enactments and, when so made under the Constitution of 1850, they survive the mentioned curtailment of power under the Constitution of 1908, and are effective until repealed. The exception noted was never carried in the general law and it may well be said that the legislative intention, expressed in 1897, to take St. Clair county from under the then general law on the subject here involved, remained throughout all subsequent amendments to the general law. We cannot find repeal of the local act by implication arising from subsequent amendments to the general law on the subject.

Was the local act of 1897 in violation of the Constitution of 1850? Local enactments were permis-

sible under the Constitution of 1850, if the operation thereof was general within designated territory and carried no arbitrary departure from public policy as to classes therein.

Whether the township or the county should bear the expense of care of persons having diseases dangerous to the public health involves no element of public policy. Public policy is in the prevention of the spread of the disease, and not which division of government shall stand the expense of preventing the spread. Even the general law places the burden of meeting the expense, in the first instance, upon the township, with right to reimbursement from the county. Excepting townships in St. Clair county from right to have, as of course, reimbursement from the county was clearly for legislative consideration and determination and action to that end was not in violation of any constitutional limitation.

The circuit court's denial of the writ is affirmed. The question being of a public nature there will be no costs to either party.

Nelson Sharpe, C. J., and Potter, North, Fead, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.