SAMBOR *v.* HOME OWNERS' LOAN CORP.

1. MORTGAGES—STATUTES—REPEALS BY IMPLICATION.
   Section of original mortgage foreclosure moratorium act limiting scope of legislation to mortgages executed prior to a specified date, which section was not expressly repealed, has continued to be such a limitation unless subsequently repealed by necessary implication (Act No. 98, § 8, Pub. Acts 1933).

2. STATUTES—REPEALS BY IMPLICATION NOT FAVORED.
   Repeals of statutes, or portions thereof, by implication are not favored.

3. SAME—AMENDMENT OF ONE SECTION NOT REPEAL BY IMPLICATION OF ANOTHER SECTION.
   Mere omission to re-enact a section of a statute at time of passing an amendment to certain other sections of same statute does not of itself give rise to an implication that section not re-enacted is thereby repealed, especially where sections amended are specifically designated by the amendatory act.

4. SAME—AMENDMENT OF CERTAIN SECTIONS.
   Unless the subject-matter of amendatory legislation is such as necessitates a contrary conclusion, it should be held not to have modified any other sections of the statutes than those expressly indicated in the amendatory act and it is unnecessary to re-enact and publish at length the remaining sections of the original act as they remain unaffected by the amendatory legislation (Const. 1908, art. 5, § 21).

5. MORTGAGES—APPLICATION OF MORATORIUM ACT.
   Section of original mortgage foreclosure moratorium act which limited application of act to mortgages executed prior to a specified date which section has remained unamended and unrepealed by subsequent acts which amended or added provisions to the act *held*, to render act inapplicable to mortgage executed after date specified (Act No. 98, § 8, Pub. Acts 1933).

Appeal from Wayne; Merriam (De Witt H.), J. Submitted March 16, 1938. (Docket No. 65, Calendar No. 39,835.) Decided April 4, 1938.

Bill by Leona M. Sambor against Home Owners' Loan Corporation, a United States corporation, for mortgage moratorium, an injunction, an accounting, and other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Harry J. Lippman*, for plaintiff.

*Charles W. Horr, Jr., Melvin E. Fink* and *R. F. Molyneaux*, for defendant.

NORTH, J. The sole question presented by this appeal is this: Does the 1937 mortgage moratorium law (Act No. 1, Pub. Acts 1937) provide for moratorium relief incident to the foreclosure of mortgages executed subsequent to February 14, 1933? The circuit judge held that the statute was not applicable to such foreclosures. Plaintiff, who is seeking moratorium relief, has appealed.

In this State mortgage moratorium legislation had its inception in Act No. 98, Pub. Acts 1933 (Comp. Laws Supp. 1933, § 14444-1 *et seq.*). Amendments followed in Act No. 20, Pub. Acts 1934 (1st Ex. Sess.), Acts Nos. 3, 158, Pub. Acts 1935, and the present statute, Act No. 1, Pub. Acts 1937. Section 4 of the act as last amended in part reads as follows:

"In any case of foreclosure of mortgage by advertisement pending on June two, nineteen hundred thirty-three or thereafter commenced, in which the sale has been held but the period within which the right of redemption might be exercised has not expired, the court, upon application of any person or persons liable upon said mortgage, or having any

other mortgage or lien on, or interest in any of the real estate covered by such mortgage, may make an order extending the time within which the right of redemption might be exercised until not later than November one, nineteen hundred thirty-eight.''

The original moratorium act (Act No. 98, Pub. Acts 1933) contains the following (Comp. Laws Supp. 1935, § 14444-8):

''Sec. 8.   This act shall not apply to any mortgage executed subsequent to February fourteen, nineteen hundred thirty-three.''

Section 8, like a number of the other sections of the original act, is not re-enacted in any of the amendatory acts.   For this reason appellant contends that the quoted section 8 is not a part of the present moratorium law.   Appellant therefore asserts that the trial judge was in error in dismissing her petition for moratorium relief, such dismissal having been on the sole ground that the foreclosed mortgage, executed May 7, 1934, did not come within the terms of the present act because of the limitation contained in section 8 above quoted.

Appellant's contention is not tenable.   There is no claim, nor could there be, that section 8 of the original moratorium act has been expressly repealed. Hence it has continued to be, as intended in the original act, a limitation upon the scope of the moratorium legislation in this State, unless because of subsequent amendments section 8 is repealed by necessary implication.   As we have often stated, repeals by implication are not favored.   *Attorney General, ex rel. Owen, v. Joyce,* 233 Mich. 619; *Saginaw City Council v. Saginaw Board of Estimates,* 256 Mich. 624; *Township of Port Huron v. Board of*

*Auditors of St. Clair County,* 269 Mich. 326; *Laid-law* v. *City of Ludington,* 272 Mich. 11.

Mere omission to re-enact a section of a statute at the time of passing an amendment to certain other sections of the same statute, does not of itself give rise to an implication that the section not re-enacted is thereby repealed. Particularly is this true when, as in the legislative acts herein considered, the amendatory acts specifically designate the sections of the preceding act or acts which the legislature proposed to amend. Under such circumstances, unless the subject matter of the amendatory legislation is such as necessitates a contrary conclusion, it should be held not to have modified any other sections of the statute than those expressly indicated in the amendatory act. It is not necessary to re-enact and publish at length the remaining sections of the original act. They remain unaffected by the amendatory legislation. *Black* v. *Powell,* 248 Mich. 150. Such is the plain implication of our constitutional provision which reads:

"The act revised and the section or sections of the act altered or amended shall be re-enacted and published at length." Const. 1908, art. 5, § 21.

There is no constitutional requirement that the sections of a statute unaffected by amendatory legislation shall "be re-enacted and published at length." In none of the acts amendatory of the original moratorium act has the legislature expressly amended in any way the above quoted Act No. 98, § 8, Pub. Acts 1933. Instead, in each of the amendatory acts the legislature has indicated specifically that the amendments made pertain to other sections of the statute or were additions made thereto. In none of these subsequent amendatory acts do we find anything which is inconsistent with or repugnant to section 8

of the original moratorium act hereinbefore quoted, nor is there anything indicative of an intent on the part of the legislature to repeal the same.

The limitation upon the scope of moratorium relief contained in Act No. 98, § 8, Pub. Acts 1933, is still a part of the amended moratorium law of this State. It follows that the trial judge was correct in holding that the mortgage moratorium statute as amended does not apply to the mortgage in the instant case because this mortgage was executed subsequent to February 14, 1933. The dismissal of plaintiff's petition for moratorium relief is affirmed, with costs to appellee.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.