HOLT *v.* BIRMINGHAM NATIONAL BANK OF BIRMINGHAM.

1. MORTGAGES—MORATORIUM RELIEF—HOMESTEADS—DATE OF EXECUTION—REPEAL.

Provision of mortgage moratorium act, as originally enacted, limiting application of act to mortgages executed prior to February 14, 1933, not expressly repealed by any subsequent act, *held,* not repealed by implication by subsequent amendatory acts extending period for moratorium relief, limiting property to which it was applicable to that used as homestead but not referring to date of execution of mortgage (Act No. 98, §§ 4, 8, 14, Pub. Acts 1933, as amended and added by Act No. 7, Pub. Acts 1938 [Ex. Sess.], and Act No. 316, Pub. Acts 1939).

2. STATUTES—AMENDMENT—IMPLIED REPEAL.

Failure to reenact one section of a statute at time other sections of same statute are amended or added does not give rise to an implied repeal.

3. MORTGAGES—REDEMPTION—HOMESTEADS—EXECUTION—STATUTES.

Provision of mortgage moratorium act relative to time at which proceedings to foreclose mortgage must have been pending in order to extend period of redemption and amendments confining application of act to property used as homestead *held,* self-explanatory and not conflicting with provision of original act limiting application of act to mortgages executed prior to February 14, 1933 (Act No. 98, §§ 4, 8, 14, Pub. Acts 1933, as amended and added by Act No. 7, Pub. Acts 1938 [Ex. Sess.], and Act No. 316, Pub. Acts 1939).

Appeal from Oakland; Doty (Frank L.), J.   Submitted October 6, 1939.   (Docket No. 86, Calendar No. 40,764.)   Decided December 19, 1939.

Bill by Frederick Farrington Holt and wife against Birmingham National Bank of Birming-

ham, Michigan, for moratorium relief. Decree for defendant. Plaintiff appeals. Affirmed.

*Armstrong, Weadock, Essery & Helm,* for plaintiff.

*G. Leslie Field,* for defendant.

Chandler, J. Defendant instituted proceedings to foreclose a mortgage dated December 15, 1936, covering property owned by plaintiffs in the city of Birmingham. A commissioner's deed was executed on December 14, 1938, placing the expiration of the redemption period on June 14, 1939.

On June 9, 1939, plaintiffs filed their bill of complaint herein, praying for relief under the provisions of the moratorium statutes. See Act No. 98, Pub. Acts 1933, as amended. Defendant moved to dismiss on the ground that the court had no jurisdiction to grant the relief sought inasmuch as the mortgage was executed subsequent to February 14, 1933. Plaintiffs appeal from the order of the trial court dismissing the bill, claiming that the following provision found in Act No. 98, § 8, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 14444-8, Stat. Ann. § 27.1328), has been repealed by subsequent amendatory acts.

"This act shall not apply to any mortgage executed subsequent to February fourteen nineteen hundred thirty-three."

The original statute granted moratorium relief without regard to the manner in which the real estate covered by the mortgage was held by the party seeking relief. Act No. 98, § 14, Pub. Acts 1933, as added by Act No. 7, Pub. Acts 1938 (Ex. Sess.) (Stat. Ann. 1939 Cum. Supp. § 27.1333 [1]), restrict-

ed the application of the legislation to homesteads by the following provision:

"The extension of the moratorium provisions of this act from the first day of November, nineteen hundred thirty-eight, to the first day of July, nineteen hundred thirty-nine, shall apply only to any person or persons having any freehold interest in homesteads as herein defined. Such person or persons may have relief under this act as to one homestead only. The term 'homestead' as herein used shall mean the following:     *     *     *

"(2) Any single dwelling house or two family house with a private garage and out buildings located on not to exceed four lots in any city, village or recorded plat owned and occupied as a home or legally claimed as a homestead at any time from and after February fourteen, nineteen hundred thirty-three, by the owner of the fee or other freehold interest, or of the vendee's interest under land contract."

The foregoing provision, except the date to which moratorium relief was extended, was reenacted by amendatory Act No. 316, Pub. Acts 1939. Plaintiffs argue that the phrase "owned and occupied as a home or legally claimed as a homestead *at any time from and after February fourteen, nineteen hundred thirty-three,*" read in conjunction with section 4 as amended by the acts of 1938 and 1939, providing that the chancery foreclosure must have been pending on or commenced subsequent to June 2, 1933, indicates a legislative intent to extend the relief to all homesteads, regardless of the date of the execution of the mortgage under foreclosure. Thus, they contend that Act No. 98, § 8, Pub. Acts 1933, quoted *supra,* expressly limiting the application of the relief to mortgages executed prior to February 14, 1933, has been repealed by implication.

The language of the various sections does not indicate to us a change in legislative intent which plaintiffs are apparently able to find. Section 8 of the original act has not been expressly repealed. Although it was not re-enacted by any of the subsequent amendatory acts, failure to re-enact does not give rise to an implied repeal. *Sambor* v. *Home Owners' Loan Corp.*, 283 Mich. 529. Furthermore, we fail to discern any inconsistency or repugnancy between said section 8 and the sections of the later statutes relied upon by plaintiffs as the source of the claimed repeal thereof.

The requirement of section 4 as amended by Act No. 7, Pub. Acts 1938 (Ex. Sess.), and Act No. 316, Pub. Acts 1939, that the foreclosure must have been pending on or commenced after June 2, 1933, is plain and self-explanatory. The same is to be said of section 14 as added and amended by the two statutes last mentioned. The legislature desired the relief to be extended only in cases where the claim of homestead was asserted subsequent to February 14, 1933. This feature has nothing to do with the date of execution of the mortgage, and the provisions of section 8 of the original act are still applicable.

The order of the trial court is affirmed, with costs to defendant.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, NORTH, and McALLISTER, JJ., concurred.