PEOPLE *v.* BUCKLEY.

1. COURTS—RECORDER'S COURT OF DETROIT A MUNICIPAL COURT.
   The recorder's court of the city of Detroit is a municipal court.

2. SAME—ASSIGNMENT OF JUDGES—MUNICIPAL COURT, TRAFFIC AND ORDINANCE DIVISION—DISCRETION OF PRESIDING JUDGE.
   Statute providing that "the presiding judge of the municipal court *may* assign one or more judges of the municipal court to duty in the said municipal court, traffic and ordinance division," makes such assignment a discretionary matter with the presiding judge of the municipal court (3 Comp. Laws 1929, § 16535, as amended by Act No. 227, Pub. Acts 1931).

3. SAME—ASSIGNMENT OF JUDGES—MUNICIPAL COURT, TRAFFIC AND ORDINANCE DIVISION—PRESIDING CIRCUIT JUDGE—STATUTES.
   Statute permitting presiding judge of municipal court to assign one or more judges to the traffic and ordinance division of such court during the period of absence or disability of judges of such division did not repeal former statute authorizing the presiding circuit judge to designate judges to hold court in the various circuit courts and recorder's courts whenever necessary to relieve congested conditions in said courts nor was the authority conferred by the former statute abridged or limited (3 Comp. Laws 1929, § 13763; § 16535 as amended by Act No. 227, Pub. Acts 1931).

4. STATUTES—CONSTRUCTION.

Laws are assumed to be enacted by the legislative body with some knowledge of and regard to existing laws upon the same subject.

5. SAME—REPEALS BY IMPLICATION.

The law does not favor repeals by implication, there is no presumption of repeal in such manner, and repeal in such a manner is not permitted if it can be avoided by any reasonable construction of the statutes.

6. SAME—CONSTRUCTION—RECONCILIATION OF STATUTES.

If by any reasonable construction two statutes can be reconciled and a purpose found to be served by each, both must stand as it is the duty of the courts to reconcile statutes if possible and enforce them.

7. SAME—LATER STATUTES CONSTRUED AS SUPPLEMENTARY OF FORMER.

The courts will regard all statutes on the same general subject as part of one system and later statutes should be construed as supplementary to those preceding them.

8. COURTS—ASSIGNMENT OF CIRCUIT JUDGE TO MUNICIPAL COURT, TRAFFIC AND ORDINANCE DIVISION—AUTHORITY.

The assignment of a circuit judge to hold court in the traffic and ordinance division of the recorder's court of Detroit by the presiding circuit judge was proper and legal and gave him authority to conduct the trial of a criminal case therein and impose sentence on the defendant (3 Comp. Laws 1929, § 13763).

9. SAME—ASSIGNMENT OF JUDGES—DE FACTO OFFICERS.

In a prosecution for failure to assist an injured person and for failure to identify himself after an automobile accident as required by statute, the right of the circuit judge who was assigned by the presiding circuit judge to the traffic and ordinance division of the recorder's court of Detroit to preside at the trial may not be questioned since the acts of a *de facto* officer are valid (Comp. Laws 1929, § 4722, as last amended by Act No. 318, Pub. Acts 1939; § 13763; § 16535, as amended by Act No. 227, Pub. Acts 1931).

10. OFFICERS—RIGHT TO EXERCISE POWERS—PUBLIC POLICY.

Upon the ground of public policy and to prevent a failure of public justice, while one is in public office and exercising the authority thereof under color of law, the right to do so cannot be tested except in a direct proceeding for that purpose.

11. COURTS—DESIGNATION OF JUDGES—JURISDICTION.

The business of the courts is too important to the people of the State to permit formal details of the machinery of the designation of judges to control their jurisdiction.

12. JUDGES—DESIGNATION—SAVING QUESTION FOR REVIEW.

A defendant who was personally present and represented by able counsel at the hearing of his case in the traffic and ordinance division of the recorder's court of Detroit cannot, after decision against him, then object to the proceeding on the ground that the appointment of a circuit judge from another circuit to act in the matter was not regularly made, especially when no claim is made that either defendant or his counsel were misled (3 Comp. Laws 1929, § 13763).

13. INDICTMENT AND INFORMATION—PURPOSE.

The purpose of the information in a criminal prosecution is to inform the defendant of the charge against him.

14. SAME—AMENDMENT—MOTORIST'S FAILURE TO ASSIST INJURED PERSONS OR IDENTIFY HIMSELF.

Information charging defendant with failure to assist an injured person and with failure to identify himself after an automobile accident and informing defendant of statute under which he was charged *held*, sufficient to state an offense under statute involved notwithstanding omission of words "did then and there knowingly and wilfully fail and neglect to render to the said (name of injured person)," since the defect was curable by amendment (Comp. Laws 1929, § 4722, as last amended by Act No. 318, Pub. Acts 1939; §§ 17290, 17354).

15. SAME—OMISSIONS—CURING ERROR—SAVING QUESTION FOR REVIEW.

In prosecution of motorist for failure to assist an injured person and for failure to identify himself after an automobile accident where information stated nature of offense and referred to pertinent statute, omission of averments as to intent and name of injured person did not mislead defendant nor result in a miscarriage of justice where sufficiency of information was not questioned before or during trial, the omitted words were included in the complaint and warrant, and charge as contained in warrant was read to jury by judge without objection (3 Comp. Laws 1929, §§ 17290, 17354).

16. AUTOMOBILES—ASSISTANCE TO AN INJURED PERSON—IDENTIFICATION—FELONY.

One charged with a violation of statute requiring a motorist to assist an injured person and identify himself after an ac-

cident was properly charged with a felony (1 Comp. Laws 1929, § 4722, as last amended by Act No. 318, Pub. Acts 1939).

Appeal from Recorder's Court of the City of Detroit, Traffic and Ordinance Division; Taylor (Mark D.), J., presiding. Submitted April 16, 1942. (Docket No. 78, Calendar No. 41,705.) Decided June 5, 1942.

Charles Buckley was convicted of crime of failing to assist an injured person and to identify himself after an automobile accident. Affirmed.

*George F. Curran,* for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *Richard E. Lamb* and *Henrietta E. Rosenthal,* Assistant Prosecuting Attorneys, for the people.

STARR, J. Defendant appeals from conviction and sentence for the crime of failure to assist an injured person and failure to identify himself after an automobile accident as required by 1 Comp. Laws 1929, § 4722, as amended by Act No. 161, Pub. Acts 1937, and Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4722, Stat. Ann. 1941 Cum. Supp. § 9.1590), which provides, in part:

"(c) The driver of any vehicle involved in any accident resulting in injury or death to any person shall also (after stopping) give his name, address, and the registration number of his vehicle, also the name and address of the owner, and exhibit his operator's or chauffeur's license to the person

struck or the driver or occupants of any vehicle collided with and shall render to any person injured in such accident reasonable assistance including the carrying of such person to a physician or surgeon for medical or surgical treatment if it is apparent that such treatment is necessary or is requested by the injured person, and any person violating this provision shall upon conviction be punished as provided in section 56 of this act.''

Defendant attacks the sufficiency of the information filed against him in the ''recorder's court, traffic and ordinance division,'' of the city of Detroit. We quote the material part of such information, the words italicized having been omitted through error:

''That Charles Buckley late of the city of Detroit, in said county, heretofore, to-wit, on January 12, 1941, at the said city of Detroit, in the county aforesaid being then and there the driver of a motor vehicle which motor vehicle was then and there involved in an accident at W. Vernor highway and Ferdinand street in the said city of Detroit and which accident did then and there result in injury to one Albert Beauchene, *did then and there knowingly and wilfully fail and neglect to render to the said Alfred Beauchene,* injured in said accident, reasonable assistance including the carrying of such person to a physician or surgeon for medical and surgical treatment, it being apparent that such treatment was necessary; and did then and there fail and neglect to give his name, address and the registration number of his vehicle or the name and address of the owner thereof: contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Michigan.    *    *    *

''Note—See Sec. C, Act 161 P. A. 1937.''

This case is submitted on an agreed statement of facts which states, in part:

"The defendant was tried (in recorder's court, traffic and ordinance division) before a jury commencing on April 23, and the trial concluded on April 24, 1941. He was sentenced to the State prison for a term of not less than one year nor more than five years, without recommendation. The testimony briefly showed, on the part of the people, Charles Buckley was driving in a westerly direction on Vernor highway in the city of Detroit; and that as he passed the intersection of Ferdinand and Vernor the body of a man, later identified as Albert Beauchene, was seen falling close to where Mr. Buckley's car was driven. No one saw the actual impact. Mr. Buckley and three witnesses produced by the State, who were in the car of Mr. Buckley's, testified that his car did not hit anyone at that place and time. However one of the people's witnesses who was driving in an easterly direction on Vernor highway testified that he stopped his car and Mr. Buckley stopped his, and as Mr. Buckley got out of the car he made the statement to the people's witness, 'Did I hurt you, Buddy?' and the people's witness replied, 'No, the man you hurt is laying back there in the road.' Defendant then left the scene of the accident and was seen approximately two hours later at his home where he was taken into custody by the officers. A man lay unconscious in the road and was carried to the curb and sent to the hospital unconscious. He was identified as Albert Beauchene. Albert Beauchene was not produced as a witness; medical testimony was produced to show that he could not be in court for approximately a month. The defendant, Charles Buckley, gave as his reason for stopping at this time and place curiosity to see what the accident consisted of. * * *

"No questions were raised at the trial concerning the jurisdiction of the trial judge to hear this case, and concerning the sufficiency of the information. These questions were first raised in the motion for new trial."

Defendant's motion for new trial was denied, and having obtained leave, he appeals.

The recorder's court of the city of Detroit is a municipal court. The record contains an order showing that Judge Taylor (circuit judge of the first judicial circuit of Michigan) presided at defendant's trial in the recorder's court, traffic and ordinance division, and such order also shows defendant's conviction and sentence of one to five years. Although the record does not expressly so indicate, we understand that Judge Taylor had been assigned by the presiding circuit judge of the State to the recorder's court, traffic and ordinance division, in pursuance of 3 Comp. Laws 1929, § 13763 (Stat. Ann. § 27.292), which provides:

"The presiding circuit judge shall have full directory power over the matter of apportioning the work of the several circuits among the circuit judges of the State. Upon the request of the governor he shall designate one or more judges to hold court in the various circuit courts and recorder's courts of this State whenever necessary to relieve congested conditions in said courts."

Defendant contends that the trial judge (Taylor) did not have authority to conduct the trial of the present case in the recorder's court, traffic and ordinance division, of the city of Detroit.

In November, 1939, in pursuance of the provisions of 3 Comp. Laws 1929, § 16524, as amended by Act No. 227, Pub. Acts 1931, and Act No. 24, Pub. Acts 1933 (Comp. Laws Supp. 1940, § 16524, Stat. Ann.

§ 27.3947), the voters of the city of Detroit by referendum adopted 3 Comp. Laws 1929, § 16535, as amended by Act No. 227, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 16535, Stat. Ann. § 27.3958), which provides:

"SEC. 18. The judges of the municipal court—traffic and ordinance division hereinbefore constituted shall have original and exclusive jurisdiction of all prosecutions and proceedings in behalf of the people of this State for all crimes, felonies, misdemeanors and offenses committed within the corporate limits of any municipality adopting this act and arising under the Michigan motor vehicle law and all other State laws relating to traffic on the public highways of this State, including the crime of negligent homicide and the crimes of manslaughter and involuntary manslaughter committed in the operation of any motor vehicle. * * * Each judge of said court shall have equal and coordinate powers and duties with respect to the business of said court. One judge shall constitute a quorum for the transaction of said business. Said judges shall have the power and duty to apportion the business of said court between themselves. In the event of their failure so to do, the deputy clerk of said municipal court—traffic and ordinance division, hereinafter provided for, shall have the duty and power to distribute the work of said court between the judges therof, assigning thereto the cases ready for trial. *Except as herein specified, all constitutional, statutory and charter provisions relating to the duties and powers of the municipal court and the judges thereof shall apply to the municipal court—traffic and ordinance division and the judges thereof, with respect to the business of said court.* Said judges shall not participate in the organization or operation of the other division of the municipal court or branches thereof; and shall have no other jurisdiction than that provided herein. *Upon the*

*filing by the deputy clerk of the municipal court, traffic and ordinance division, with the chief clerk of the municipal court of his certificate of the absence or disability of all of the judges of the said municipal court, traffic and ordinance division, the presiding judge of the municipal court may assign one or more judges of the municipal court to duty in the said municipal court, traffic and ordinance division, during the period of the absence or disability of said judges of the municipal court, traffic and ordinance division; said judge or judges of the municipal court so assigned shall have and exercise all the jurisdiction and powers of a judge of the municipal court, traffic and ordinance division, during the period of their service in said municipal court, traffic and ordinance division."*

Defendant claims that the statutory provision above quoted provides the exclusive and only method of assigning judges to the recorder's (municipal) court, traffic and ordinance division, and that such statute in effect provides that only judges of the recorder's (municipal) court may be assigned to duty in the recorder's court, traffic and ordinance division. In other words, defendant contends that Judge Taylor, a circuit judge, could not be assigned by the presiding circuit judge to the recorder's court, traffic and ordinance division. Defendant's contention is based upon the premise that the above-quoted statute, adopted by the voters of Detroit in 1939, in effect repealed 3 Comp. Laws 1929, § 13763, insofar as it makes provision for the assignment of circuit judges to the recorder's (municipal) court.

We cannot agree with defendant's contentions. The statute giving the presiding circuit judge authority to designate judges "to hold court in the various circuit courts and recorder's courts * * * whenever necessary to relieve congested conditions in said courts" had been in force for

many years prior to the enactment of the statute and amendments relating to municipal courts. The earlier statute provided a means ''to relieve congested conditions in said (recorder's) courts.'' The later statute did not provide a means for such relief and expressly restricted the authority of the presiding judge of the municipal court to make assignment of ''one or more judges of the municipal court to duty in the said municipal court, traffic and ordinance division, *during the period of absence or disability of (all) said judges of the municipal court, traffic and ordinance division.*'' Furthermore, the later statute, by providing that ''the presiding judge of the municipal court *may* assign one or more judges of the municipal court to duty in the said municipal court, traffic and ordinance division,'' makes such assignment a discretionary matter with the presiding judge of the municipal court. Such provision was permissive and not mandatory. The later statute as amended did not repeal the former statute and did not abridge or limit the authority of the presiding circuit judge of the State in the event of congestion in the recorder's court.

If the legislature had intended to repeal the authority of the presiding circuit judge to relieve congestion in the recorder's (municipal) court, traffic and ordinance division, and to give the presiding municipal judge exclusive authority, the legislature would have so provided in its enactment. It is an elementary rule of statutory construction that ''laws are assumed to be enacted by the legislative body with some knowledge of and regard to existing laws upon the same subject.'' *Lenawee County Gas & Electric Co.* v. *City of Adrian*, 209 Mich. 52, 64 (10 A. L. R. 1328).

Defendant argues that the statute adopted by referendum in 1939 by implication repealed the provisions of the former statute providing for the as-

signment of circuit judges to the recorder's court whenever necessary to relieve congestion in such court.

The question of repeal must be considered with the following rules of statutory construction in mind: The law does not favor repeals by implication, *In re Opening of Gallagher Avenue,* 300 Mich. 309; *Sambor* v. *Home Owners' Loan Corp.,* 283 Mich. 529; *In re Reynolds' Estate,* 274 Mich. 354; *Club Holding Co.* v. *Flint Citizens Loan & Investment Co.,* 272 Mich. 66. There is no presumption of repeal by implication, *In re Opening of Gallagher Avenue, supra; City of Detroit* v. *Weil,* 180 Mich. 593; *In re Bushey,* 105 Mich. 64; *People* v. *Thompson,* 161 Mich. 391. Repeal by implication is not permitted if it can be avoided by any reasonable construction of the statutes. *Couvelis* v. *Michigan Bell Telephone Co.,* 281 Mich. 223; *People* v. *Hanrahan,* 75 Mich. 611 (4 L. R. A. 751). If by any reasonable construction two statutes can be reconciled and a purpose found to be served by each, both must stand, *Garfield Township* v. *A. B. Klise Lumber Co.,* 219 Mich. 31; *Edwards* v. *Auditor General,* 161 Mich. 639; *People* v. *Harrison,* 194 Mich. 363. The duty of the courts is to reconcile statutes if possible and to enforce them, *Board of Control of the Michigan State Prison* v. *Auditor General,* 197 Mich. 377. The courts will regard all statutes on the same general subject as part of one system and later statutes should be construed as supplementary to those preceding them, *Wayne County* v. *Auditor General,* 250 Mich. 227. See, also, *Rathbun* v. *State of Michigan,* 284 Mich. 521.

We are satisfied that the statutory enactments adopted by referendum of the voters of Detroit did not repeal the prior statute under which the presiding circuit judge was given express authority

to "designate one or more judges to hold court in the various circuit courts and recorder's courts of this State whenever necessary to relieve congested conditions in said courts." The assignment of Circuit Judge Taylor to the recorder's (municipal) court, traffic and ordinance division, was proper and legal, and he had authority to conduct the trial of the present case and to impose sentence on defendant.

Furthermore, there are additional reasons why defendant's contentions cannot prevail in the instant case. Defendant and his counsel were present at the trial, and there is no claim that they were misled as to the proceedings. The legality of the assignment of Circuit Judge Taylor and his authority to preside at the trial was not questioned by defendant until after his conviction. In *People* v. *Townsend*, 214 Mich. 267 (16 A. L. R. 902), defendant stood mute when arraigned in circuit court and, when brought to trial, moved to quash the information on the ground that the warrant for his arrest was "issued by and his examination held before and he was bound over for trial by one without the jurisdiction of an examining magistrate." In that case Mr. Justice Wiest said, p. 270:

"We are not inclined to stop and examine the question of whether such magistrate had authority to hold the office he in fact occupied and to which he had color of authority, but content ourselves with applying the rule that if the magistrate was a *de facto* officer his act in this public matter cannot be attacked in this proceeding nor his title to the office be here passed upon. Upon the high ground of public policy and to prevent a failure of public justice we follow the salutary rule that while one is in public office, exercising the authority thereof under color of law, we cannot, except in a direct proceed-

ing to test his right to the office, pass upon the question here raised (right of a municipal judge to hold office), and besides it would avail defendant nothing because there is no difference between the acts of *de facto* and *de jure* officers, so far as the public interests are concerned."

In *Alpena National Bank* v. *Hoey*, 281 Mich. 307, 311, Mr. Justice NORTH said:

"The business of the courts is too important to the people of the State to permit formal details of the machinery of the designation of judges to control their jurisdiction."

In the present case defendant, until convicted, was agreeable to Circuit Judge Taylor's conducting the trial. After conviction he questioned, by motion for new trial, the legality of the trial in which he had participated without objection. Our statements in *People* v. *Sanford*, 252 Mich. 240, are directly applicable to the present case. In that case the defendant claimed that the circuit judge, who heard and denied his motion for a new trial, had not been properly assigned. We there said, p. 246:

"The defendant was personally present. He was represented by able counsel. No claim is made that either he or they were in any way misled as to the proceeding about to be taken. May they then by their silence and participation in the proceeding yield their assent to the submission of the motion for a new trial to the judge then sitting as a court in the hope that it will be granted, and, if denied, urge the lack of power and authority on the part of Judge Collingwood (who heard the motion) to hear it? We think not."

Defendant next contends that the information above quoted filed against him was defective, because the words italicized were omitted. The pur-

pose of the information was to inform defendant of the charge against him. Such words omitted from the information were included in the complaint and also in the warrant. He did not question the sufficiency of the complaint or the warrant. He did not question the sufficiency of the information until after his conviction. The recognizance bond signed by defendant stated that he was charged with ''failure to give assistance to injured person and failure to identify oneself after automobile accident.'' The note at the conclusion of the information, ''See Sec. C, Act 161 P. A. 1937,'' informed defendant of the statute under which he was charged.

In *People* v. *Stone*, 293 Mich. 658, defendant questioned the sufficiency of an information charging him with taking indecent and improper liberties with a female child under the age of 16 years. In that case Mr. Justice Chandler said, p. 661:

''The information is attacked as being defective because it fails to name the person upon whom the offense is charged to have been committed, and because it omits the words 'the person of.'    *    *    *

''The information was sufficient to state an offense under the statute and the defects claimed to exist can be cured by proper amendment. It is true that the name of the person upon whom the offense is alleged to have been committed should be stated in the information. 31 C. J. p. 727, § 272. It is necessary to enable the defendant properly to prepare his defense that he know the name of the person he is charged with offending. In the instant case, however, defendant cannot claim he was harmed by the omission. He was represented by an attorney for a period of three months before any question was raised as to the sufficiency of the information. During this time, he had waived examination, stood mute on arraignment and a plea of not guilty was entered, which he subsequently with-

drew and entered a plea of guilty, finally making a motion to set aside the latter plea. *After all this had transpired, he objected to the information.*

"Although there are insufficient grounds on which to quash the information, the trial court should have amended it in view of the provisions of 3 Comp. Laws 1929, § 17290 (Stat. Ann. § 28.1016), and the decisions of this court permitting amendments in order to include the names of parties involved. See *People* v. *Griffin*, 219 Mich. 617; *People* v. *Fishel*, 270 Mich. 82."

See, also, *People* v. *Case*, 105 Mich. 92; *People* v. *Hopper*, 274 Mich. 418.

In the present case it is clear that, if defendant had questioned the sufficiency of the information before or during the trial, or had moved to quash the information, the court could and undoubtedly would have amended the same.

We are convinced that defendant was not misled by the omission of the italicized words from the information and that he was sufficiently informed of the charge against him. The omission of the italicized words from the information did not, we believe, result in a miscarriage of justice.

Defendant alleges error by the trial court in his instructions to the jury in reading the words of the warrant instead of the words of the information. The trial court read to the jury what he apparently believed was the information, but which was in fact the warrant. The warrant contained the italicized words which were omitted from the information. The court probably failed to observe that these words were omitted in the information. Defendant raised no objection to the court's instruction and reading of the warrant instead of the information until after his conviction. The question of whether or not the information was defective was not for the jury. The court's purpose in reading what he

understood was the information was to advise the jury of the charge against defendant. The reading of the warrant instead of the information was, in fact, not prejudicial but rather a curative error. In *People* v. *Wallin*, 55 Mich. 497, 504, we said:

"In the first place, it is difficult to understand how it could be damaging to the defense * * * it would seem, on the other hand, to be probably favorable. But if the defense thought otherwise, and considered the remark (of the court in the instructions) unwarranted, they should have called attention to it at the time, and given the judge an opportunity for correction."

Section 17354, 3 Comp. Laws 1929 (Stat. Ann. § 28.1096), provides:

"No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this State in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice."

We are satisfied that the errors defendant complains of did not result in a miscarriage of justice.

Defendant further contends that he could only be charged with a misdemeanor under the above-quoted statute and cites *People* v. *Hoaglin*, 262 Mich. 162, as sustaining his contention. Such case involved the wording of a prior statute and has no application to the instant case. Under the present statute defendant was properly charged with a felony.

The conviction is affirmed.

Chandler, C. J., and Boyles, North, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.