PEOPLE v FERNANDEZ (ON REMAND)

Docket No. 98521. Submitted September 16, 1987, at Detroit. Decided
    November 16, 1987.

    Stephen R. Fernandez was convicted of conspiracy to commit
    first-degree murder and aiding and abetting assault with intent
    to murder, Detroit Recorder's Court, Thomas E. Jackson, J. The
    trial court imposed a sentence of life imprisonment on the
    conspiracy conviction, indicating its belief that such a sentence
    was mandatory. The Court of Appeals affirmed, but remanded
    for resentencing, finding that a life sentence, while within the
    sentencing discretion of the trial court, was not mandatory. 143
    Mich App (1985). On appeal by the people and cross-appeal by
    defendant, the Supreme Court reversed, holding that a manda-
    tory life sentence is required on conviction of conspiracy to
    commit first-degree murder. The Supreme Court remanded for
    a determination by the Court of Appeals of whether a person
    sentenced to life imprisonment for conspiracy to commit first-
    degree murder is eligible for parole under the parole statute,
    and if so, the proper retroactive effect of such a decision. 427
    Mich 321 (1986).

    The Court of Appeals *held:*

    A person convicted of conspiracy to commit first-degree mur-
    der is eligible for parole after he serves ten years.

    1. MCL 791.234(4); MSA 28.2304(4), which provides that a
    prisoner under sentence of life or for a term of years who has
    served ten calendar years of the sentence may be released on
    parole, only excludes from consideration for parole those pris-
    oners who were sentenced for first-degree murder or a major
    controlled substance offense.

    2. There is no restriction arising from Proposal B on the

REFERENCES

Am Jur 2d, Homicide § 549.

Am Jur 2d, Pardon and Parole §§ 73, 81.

Validity, under equal protection clause of Fourteenth Amendment,
    of state statutes relating to parole or pardon of convicted crimi-
    nal. 35 LEd 2d 775.

application of MCL 791.234(4); MSA 28.2304(4) to a life sentence for conspiracy to commit first-degree murder.

3. This decision, being a restatement and clarification of existing law, has full retroactive effect.

J. H. GILLIS, J., dissented. He would hold that a person convicted of conspiracy to commit first-degree murder must be sentenced to mandatory, nonparolable life in prison, reasoning that the Legislature, when it enacted the present conspiracy statute, intended to punish conspiracy to commit a felony at least as seriously as the commission of the felony itself and was charged with the knowledge that the penalty for first-degree murder was, at the time of passage of the present conspiracy statute, and continues to be, mandatory, nonparolable life imprisonment. Additionally, Judge GILLIS would give great weight to the parole board's similar interpretation of the parole statute.

CONSPIRACY — HOMICIDE — FIRST-DEGREE MURDER — SENTENCING — PAROLE.

A person convicted of conspiracy to commit first-degree murder is eligible for release on parole upon serving ten calendar years of his mandatory sentence of life in prison (MCL 791.23[4]); MSA 28.2304[4]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Thomas M. Chambers,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Susan Meinberg Thomas*), for defendant on appeal.

ON REMAND

Before: BEASLEY, P.J., and J. H. GILLIS and GRIBBS, JJ.

PER CURIAM. On appeal, the Supreme Court has reversed the decision of this Court[1] and held that a

---

[1] *People v Fernandez,* 143 Mich App 388; 372 NW2d 567 (1985).

mandatory life sentence is required on conviction of conspiracy to commit first-degree murder under MCL 750.157a; MSA 28.354(1). The Supreme Court further provided as follows:

> We remand the case to the Court of Appeals for briefing and decision on whether a person sentenced to life imprisonment for conspiracy to commit first-degree murder is eligible for parole consideration under MCL 791.234(4); MSA 28. 2304(4) and, if so, the proper retroactive effect of such a decision.[2]

The "lifer law" set forth in MCL 791.234(4); MSA 28.2304 (4) provides as follows:

> A prisoner under sentence for life or for a term of years, other than prisoners sentenced for life for murder in the first degree and prisoners sentenced for life or for a minimum term of imprisonment for a major controlled substance offense, who has served 10 calendar years of the sentence is subject to the jurisdiction of the parole board and may be released on parole by the parole board, subject to the following conditions . . . .

Both defendant and the prosecutor agree that after serving ten years defendant is eligible for parole consideration under MCL 791.234(4); MSA 28.2304(4) where, as here, he was sentenced to life imprisonment for conspiracy to commit first-degree murder. The lifer law statute does not specifically exclude persons convicted of conspiracy to commit first-degree murder and sentenced to life imprisonment from the jurisdiction of the parole board after serving ten calendar years of the sentence. The conspiracy statute, MCL 750.157a; MSA 28.354(1), provides for punishment by penalty

---

2 *People v Fernandez,* 427 Mich 321, 343; 398 NW2d 311 (1986).

equal to that which could be imposed if defendant had been convicted of committing the crime he conspired to commit. The first-degree murder statute, MCL 750.316; MSA 28.548, provides that a person convicted of first-degree murder shall be punished by imprisonment for life. This statute does not, however, state that such a sentence of life imprisonment is nonparolable. What makes first-degree murder a nonparolable life offense is MCL 791.234(4); MSA 28.2304(4). In other words, first-degree murder is nonparolable because it is specifically excluded from the above statute, while conspiracy to commit first-degree murder is not.

Furthermore, Proposal B does not preclude application of the lifer law to persons convicted of conspiracy to commit first-degree murder. In 1984, in *People v Johnson,*[3] the Supreme Court held that Proposal B had no application to fixed or life sentences. Therefore, as the Supreme Court recognized in the within case:

> Thus, there is no apparent restriction arising from Proposal B on application of the "lifer law" to a life sentence imposed for conspiracy to commit first-degree murder.[4]

We agree with both defendant and the prosecutor and conclude that a person sentenced to life for conspiracy to commit first-degree murder is subject to the jurisdiction of the parole board after serving ten calendar years.

We further believe that this decision, which is essentially a restatement and clarification of existing law, should receive full retroactive effect.[5]

---

[3] 421 Mich 494, 498; 364 NW2d 654 (1984).

[4] *Fernandez, supra,* 427 Mich at 333.

[5] See *People v Kamin,* 405 Mich 482, 494; 275 NW2d 777 (1979); *People v Szymanski,* 102 Mich App 745; 302 NW2d 316 (1981).

J. H. GILLIS, J. *(dissenting)*. I dissent and I would hold that a person convicted of conspiracy to commit first-degree murder must be sentenced to mandatory, nonparolable life in prison.

MCL 750.157a; MSA 28.354(1) provides in part:

> Any person who conspires together with 1 or more persons to commit an offense prohibited by law, or to commit a legal act in an illegal manner is guilty of the crime of conspiracy punishable as provided herein:
>
> (a) except as provided in paragraphs (b), (c) and (d) if commission of the offense prohibited by law is punishable by imprisonment for 1 year or more, *the person convicted under this section shall be punished by a penalty equal to that which could be imposed if he had been convicted of committing the crime he conspired to commit* and in the discretion of the court an additional penalty of a fine of $10,000.00 may be imposed. [Emphasis supplied.]

MCL 791.234(4); MSA 28.2304(4) provides:

> A prisoner under sentence for life or for a term of years, *other than prisoners sentenced for life for murder in the first degree* and prisoners sentenced for life or for a minimum term of imprisonment for a major controlled substance offense, who has served 10 calendar years of the sentence is subject to the jurisdiction of the parole board and may be released on parole by the parole board, subject to the following conditions . . . . [Emphasis supplied.]

MCL 750.157a; MSA 28.354(1) became effective on March 10, 1967. MCL 791.234(4); MSA 28.2304(4), as it pertains to the nonparolability of those convicted of first-degree murder, has been in effect since 1948. Although MCL 791.234(4); MSA

28.2304(4) has been amended since 1948, including 1978, this language has not been altered.

While the majority argues that MCL 791.234(4); MSA 28.2304(4) is unambiguous, I believe other rules of statutory construction are more properly applied to this case. First, I note that the Legislature is charged with knowledge of the existing laws on the same subject when it promulgates new laws. See, e.g., *People v Buckley,* 302 Mich 12, 21; 4 NW2d 448 (1942). Second, an administrative agency's interpretation of a statute is given great weight due to the expertise of the agency with respect to the subject under its jurisdiction. *PSB State Bank v Comerica Inc,* 151 Mich App 452, 460; 391 NW2d 371 (1986). Third, the Legislature's reenactment of a statute which was interpreted in a particular manner gives rise to an inference that the Legislature approved that interpretation. See, e.g., *Wayne Co v Auditor General,* 250 Mich 227, 237; 229 NW 911 (1930). Fourth, the primary goal of statutory construction is to determine the intent of the Legislature; therefore, it is important to consider the general purpose sought to be accomplished by a statute in determining its meaning. *PSB State Bank, supra,* 460.

As defendant concedes, the present conspiracy statute was enacted following the Legislature's dissatisfaction with the lenient penalties previously provided. At the time MCL 750.157a; MSA 28.354(1) was passed, the penalty for first-degree murder was mandatory, nonparolable life. The Legislature must be charged with knowledge of this penalty. See, e.g., *Buckley, supra.* Furthermore, the parole board has consistently interpreted the penalty for conspiracy to commit first-degree murder as mandatory, nonparolable life. In amending MCL 791.234(4); MSA 28.2304(4), the Legislature did not specifically state that conspir-

acy to commit murder in the first degree was a parolable offense despite its chargeable knowledge of the parole board's interpretation. See, e.g., *Buckley, supra; Wayne Co, supra.* Finally, I believe that the Legislature intended to punish conspiracy to commit a felony at least as seriously as the commission of the felony itself. MCL 750.157a; MSA 28.354(1). I note that conspiracy may be more severely punished because the defendant must plan the crime with another. *Id.* For these reasons, I believe that defendant is properly sentenced to mandatory, nonparolable life. I further note that I do not believe that defendant should benefit merely because the hit men he hired were unsuccessful.

I further believe that this decision is a restatement of existing law and, therefore, is entitled to full retroactive effect. *People v Szymanski,* 102 Mich App 745; 302 NW2d 316 (1981), lv den 411 Mich 863 (1981). I would affirm.