PEOPLE v JONES (ON REMAND)

Docket No. 100090. Submitted January 11, 1988, at Lansing. Decided March 22, 1988. Limited leave to appeal granted, 430 Mich —.

Ricky L. Jones was convicted of two counts of incitement to commit first-degree murder and two counts of conspiracy to commit first-degree murder following a jury trial in Barry Circuit Court and was sentenced to life imprisonment on each of the four counts, Hudson E. Deming, J. Defendant appealed. The Court of Appeals in an unpublished opinion per curiam, decided October 17, 1984, (Docket No. 68279), affirmed defendant's conspiracy convictions, but reversed the convictions for incitement. Defendant sought leave to appeal to the Supreme Court, which, in lieu of granting leave to appeal, remanded the case to the Court of Appeals to consider an issue that was not raised in the prior appeal and which was addressed recently for the first time by an appellate court of the state in *People v Fernandez (On Remand)*, 164 Mich App 485; 417 NW2d 540 (1987), i.e., whether a person convicted of conspiracy to commit first-degree murder may be eligible for parole. 428 Mich 888 (1987).

On remand the Court of Appeals *held:*

Although the lifer law provides that all persons except those sentenced to life imprisonment for first-degree murder or for a major controlled substance offense may be eligible for parole after serving ten years of their sentences, the Legislature, presumably aware that a person convicted of first-degree murder is not eligible for parole, enacted the conspiracy statute proclaiming that a person convicted of a conspiracy offense "shall be punished by a penalty equal to that which could be imposed if he had been convicted of committing the crime he conspired to commit." Presumably, had the Legislature in-

REFERENCES

Am Jur 2d, Conspiracy, §§ 5, 6; Criminal Law, § 629; Homicide § 33; Parole §§ 73-77.

*Validity of statutes prohibiting or restricting parole, probation, or suspension of sentence in cases of violent crimes.* 100 ALR3d 431.

Comment Note.—*Length of sentence as violation of constitutional provisions prohibiting cruel and unusual punishment.* 33 ALR3d 335.

tended that a person convicted of conspiracy to commit first-degree murder be eligible for parole, it would have said so when it enacted the conspiracy statute. It did not do so. Thus it must be inferred that the Legislature did not intend for a person convicted of the offense to be eligible for parole.

Defendant is held to be ineligible for parole, and this case is certified as conflicting with the majority decision in *People v Fernandez (On Remand)*.

CONSPIRACY — HOMICIDE — FIRST-DEGREE MURDER — SENTENCING — PAROLE.

A person convicted of conspiracy to commit first-degree murder is not eligible for parole (MCL 750.157a, 750.316; MSA 28.354[1], 28.548).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Judy A. H. Hughes,* Prosecuting Attorney, and *Michael A. Nickerson,* Assistant Attorney General, for the people.

State Appellate Defender (by *Stuart B. Lev*), for defendant on appeal.

ON REMAND

Before: R. M. MAHER, P.J., and J. H. GILLIS and WAHLS, JJ.

PER CURIAM. This case is before us for a second time, on remand by the Supreme Court, to consider an issue that was not raised in the prior appeal and which was only recently addressed by an appellate court of this state for the first time in *People v Fernandez (On Remand),* 164 Mich App 485; 417 NW2d 540 (1987). 428 Mich 888 (1987). That issue is whether a person convicted of conspiracy to commit first-degree murder, MCL 750.157a and 750.316; MSA 28.354(1) and 28.548, may be, unlike a person convicted of the substantive crime, eligible for parole. In *Fernandez,* a two-member majority answered that issue in the affir-

mative. One member, Judge Gillis, dissented. For many of the reasons expressed by Judge Gillis in his dissent, we hold that a person convicted of the offense in question is not eligible for parole and, therefore, certify this case as being in conflict with *Fernandez.*

In finding that a person convicted of conspiracy to commit first-degree murder was parolable, the *Fernandez* majority principally relied on the fact that the offense was not expressly mentioned as being one for which there could be no parole in the "lifer law," MCL 791.234(4); MSA 28.2304(4). 164 Mich App 487-488. The lifer law basically provides that persons sentenced to life imprisonment for first-degree murder or for a major controlled substance offense are not eligible for parole. All other prisoners may be eligible for parole after serving ten years of their sentences. Thus, except for first-degree murder and major controlled substance violations, the lifer law does not expressly exclude persons convicted of any other offenses from parole eligibility. Regardless of this, though, we cannot assign the same import to the Legislature's silence as did the *Fernandez* majority.

A fundamental rule of statutory construction is that the Legislature is presumed to have knowledge of existing laws upon the same subject. *People v Buckley,* 302 Mich 12, 21; 4 NW2d 448 (1942). At the time the conspiracy statute was enacted, the lifer law had been in existence for many years. See *Fernandez, supra,* p 489 (Gillis, J., dissenting). Thus, the Legislature is presumed to have known that a person convicted of first-degree murder was not eligible for parole at the time it proclaimed that a "person convicted [of a conspiracy offense] shall be punished by a penalty equal to that which could be imposed if he had

been convicted of committing the crime he conspired to commit . . . ." MCL 750.157a(a); MSA 28.354(1)(a). Because of this presumption of legislative knowledge—which was not rebutted in this case—we believe the *Fernandez* majority incorrectly interpreted the lifer law's silence regarding parole eligibility for persons convicted of conspiracy to commit first-degree murder. Since the Legislature presumptively knew that conspiracy to commit first-degree murder was punishable by the same penalty as first-degree murder (including not being eligible for parole), we must conclude that had it intended otherwise it would have stated so expressly. Because the Legislature did not state that a person convicted of the conspiracy offense could be eligible for parole, we must infer that it did not intend such.

The language of the conspiracy statute itself, which speaks in terms of being punished by the same *penalty* as the substantive crime, supports our conclusion. While one may argue that parole eligibility is not appurtenant to a *sentence* imposed for a particular conviction, the same cannot be said for the *penalty* imposed. The lack of parole eligibility is undoubtedly a "penalty" imposed upon a person sentenced to life imprisonment for first-degree murder. Hence, the conspiracy statute mandates a like penalty for a person sentenced to life imprisonment for conspiracy to commit first-degree murder.

In closing, we emphasize that, as an appellate court, it is not our function to set the punishment parameters for the numerous criminal statutes. The Legislature, not the judiciary, has the exclusive power to designate both the grade of and the punishment for specific criminal offenses. See Const 1963, art 4, § 45; *Attorney General v Recorder's Court Judge,* 341 Mich 461, 474-475; 67 NW2d

708 (1954); *People v Rosecrants,* 88 Mich App 667, 669; 278 NW2d 713 (1979); *People v Shirley Johnson,* 74 Mich App 652, 653; 255 NW2d 4 (1977). We must be careful not to substitute our judgment for that of the Legislature and disturb the proper exercise of its power. Here, the Legislature has proclaimed—if only by implication—that a person convicted of conspiracy to commit first-degree murder is a not eligible for parole. We are therefore bound by that proclamation.

Accordingly, defendant is held to be ineligible for parole. This case is certified as conflicting with the majority decision in *Fernandez, supra.*