GARFIELD TOWNSHIP *v.* A. B. KLISE LUMBER CO.

1. TAXATION—PERSONAL TAXES—COLLECTION OUTSIDE OF TOWNSHIP
   —RIGHT OF ACTION.

   In an action by a township against a lumber company for
   unpaid personal taxes, where the township treasurer, act-
   ing under 1 Comp. Laws 1915, § 4044, sent a tax warrant
   to an adjoining county for the purpose of collecting the
   taxes, and it was returned with the statutory showing of
   no property, defendant is in no position to urge in bar of
   this action the failure of the treasurer to go in person with  .
   his tax warrant to said adjoining county.

2. SAME—STATUTES—REPEAL BY IMPLICATION.

   Where a statute giving a township treasurer power to
   seize personal property in an adjoining county for un-
   paid personal taxes was amended to extend such power
   to the whole State, said amending statute (1 Comp. Laws
   1915, § 4043) did not repeal by implication section 4044,
   providing that the treasurer may send a statement of the
   tax to be collected by a collecting officer of any township
   or city in the State where the taxpayer may have property.

3. STATUTES—REPEALS BY IMPLICATION NOT FAVORED.          .

   Repeals by implication are not favored unless it is clear
   that the later statute renders the earlier one nugatory.

4. TAXATION—TOWN MEETING—RECORD OF VOTES.

   The failure of the record of the township meeting to show
   the number of votes cast for and against the tax, does
   not, in the absence of a demand for a statement of the
   number voting for and against each proposition, invalidate
   the tax, under 1 Comp. Laws 1915, § 2088.

5. SAME—COUNTY ROAD TAX PROPERLY CLASSED AS COUNTY TAX.

   Under Act No. 157, Pub. Acts 1917, providing that the
   county road tax shall be collected and paid to the county
   treasurer, it was properly placed in the column of county
   taxes on the tax roll, and was not required to be classed
   as "other taxes" and placed in a separate column, under
   1 Comp. Laws 1915, § 4034.

6. SAME—TAX TO BE SUSTAINED SO FAR AS LEGAL AND JUST.
  Although a tax exceed the statutory limit, under 1 Comp.
  Laws 1915, § 4074, it must be sustained so far as legal and
  just, and therefore the error of the court below in com-
  puting the excessive amount levied against defendant will
  be corrected on error, and on remittitur of the difference
  the judgment will be affirmed.

Error to Emmet; Shepherd (Frank), J.   Submitted
April 4, 1922.   (Docket No. 21.)   Decided June 5,
1922.

Assumpsit by the township of Garfield against the
A. B. Klise Lumber Company for taxes.   Judgment
for plaintiff.   Defendant brings error.   Affirmed.

*C. J. Pailthorp* and *B. H. Halstead,* for appellant.

*Prentiss M. Brown,* for appellee.

WIEST, J.   In the circuit the court made the follow-
ing findings of fact:

"1. This is an action brought by the township
treasurer of the plaintiff township, in the name
of the township, under the warrant issued to him
by the county treasurer of Mackinac county, for
the collection of personal taxes assessed against the
defendant in the year 1917 and returned delinquent
by the township treasurer to the county treasurer in
March, 1918.

"2. This warrant was issued by the county treasurer
to the township treasurer in March, 1918.   In July,
1918, the township treasurer called upon the two
officers of the defendant corporation at Petoskey, the
home of the defendant, and demanded payment of the
taxes in question.   Demand was refused.   At that
time the township treasurer learned that defendant
had a considerable amount of personal property at
Petoskey which could be levied upon under his warrant
for the collection of these taxes, but he made no at-
tempt to make such a levy.

"3. In January, 1919, he sent a certified statement
of the taxes to the city treasurer of the city of Petos-

key, which purported to authorize and direct him to collect the taxes by levy upon personal property of the defendant.    The city treasurer in September, 1918 [1919], returned this statement to the township treasurer and reported that he was unable to find any personal property upon which to levy.    This action was brought subsequent to this return.

"4. The records of the meeting of the plaintiff township, wherein the township taxes for 1918-1919 were voted, are silent as to the number of votes for, as well as the number against, the tax; neither does it appear that any demand was made that the number voting for and the number voting against the proposition should be stated or recorded; but the records do show that the township tax was voted."    *    *    *

Judgment was entered for plaintiff for $743.94.

At the close of the proofs defendant moved the court to dismiss the case on the grounds that the treasurer had authority to levy anywhere in the State, and did not attempt levy, as he might have done, in Emmet county, and suit is not authorized except the treasurer is otherwise unable to collect the tax.

This motion was denied.    The errors relied upon and the questions involved are stated in defendant's brief as follows:

"(1) It was error to deny defendant's motion to dismiss.

"(2) The facts found do not support the judgment, for the reasons:

"(a) Failure of record of township meeting to show number of votes for and against motions to raise the township taxes.

"(b) Entire county tax is invalidated by failure to enter county road tax in separate column.

"(c) County tax is invalid at least to extent of amount raised for county roads."

We think defendant is in no position to urge in bar of this suit the failure of the treasurer to go in person with his tax warrant to the adjoining county of

Emmet and attempt levy. When the tax warrant actually reached Emmet county it was returned with the statutory showing of no property.

This brings us to a consideration of the provisions of the statute. Section 4044, 1 Comp. Laws 1915, provides:

* * * "Whenever any personal property having been assessed to any person in any township or ward in this State shall be removed therefrom before the taxes assessed thereon shall be collected, and there being no other personal property sufficient in said township or ward whereon the treasurer or other collecting officer can levy and collect said taxes, or any of them, he shall have full power, and it shall be his duty to make a statement, duly certified by him to be correct and true, showing that personal property has been assessed to such person, naming him, the valuation thereof, the various taxes thereon, and the total thereof, as appears from the roll in the hands of such treasurer, and that such property has been removed from such township, ward or city since the assessment thereof, and that the taxes or some portion of them has not been paid. * * * Such statement may be sent to the township or city treasurer, or other collecting officer of any township or city in this State, where the person against whom such assessment was made may have property, and the treasurer, or other collecting officer to whom such statement shall have been transmitted shall, upon the receipt of the same, proceed to collect said taxes out of any property belonging to the owner of such property so taxed as aforesaid, within his jurisdiction," etc.

The township treasurer acted under this provision. In 1899, without an express repeal of the statute above mentioned, a statute giving the township treasurer power to seize personal property in an adjoining county was amended to extend such power to the whole State. 1 Comp. Laws 1915, § 4043. Does the statute passed in 1899, permitting the treasurer to go anywhere in the State and make collection, repeal

by implication the earlier statute permitting authority to be sent to make collection? One section grants authority to go anywhere in the State to collect the tax under a warrant; the other section permits authority to be sent to the treasurer of any city or township and authorizes such treasurer to make such collection and forward the same.

Repeals by implication are not favored unless it is clear the later statute renders the earlier one nugatory. *Edwards* v. *Auditor General,* 161 Mich. 639. If there is sense in having the two statutes and methods of collection, then, of course, there is no room for applying the rule of repeal by implication. Distance between a collector and the place where the tax debtor has property may be so great as to bar personal pursuit in many cases. Amounts involved may not warrant the expense and protracted absence of the collector on such an errand. Collectors might have to leave local collections to run after tax debtors in far removed parts of the State if pursuit must be made within the period fixed for collection of the roll. The later act manifests no restraint over the earlier one. There is no repugnancy between the two acts, for the plain purpose of both is to facilitate the collection of taxes, and the method best adapted to circumstances is left to the adoption of collecting officers. If by any reasonable construction the provisions can be reconciled and a purpose found to be served by each then both must stand. We are of the opinion the two sections serve a useful purpose and there is no ground for holding that the statute of 1899 repealed the earlier one by implication.

The failure of the record of the township meeting to show the number of votes cast for and against the tax does not, in the absence of a demand for a statement of the number voting for and the number voting against each proposition, invalidate the tax.

Our attention is directed to section 2088, 1 Comp. Laws 1915:

\* \* \* "On all votes for the appropriation of any moneys, or for the raising of any taxes in said township, said votes shall be taken in such manner that the moderator of such meeting may be able, and shall, upon demand, state the result of each of said votes, giving the number voting for and the number voting against each proposition so voted upon, all of which shall be duly recorded by the township clerk in the records of the proceedings of such meeting."

The use of the words "upon demand," etc., in section 2088, implies the necessity of a demand and in such case a record not otherwise required. The statute, section 4034, 1 Comp. Laws 1915, requires taxes to be entered upon the tax roll in separate columns as follows:

\* \* \* "All school taxes and the one mill tax in one column, highway taxes in another, township taxes in another, county taxes in another, and State taxes in another column; and if other taxes are at any time required to be raised, they shall be placed in separate columns." \* \* \*

Does the county road tax call for a separate column or fall within the column of county taxes? The question is answered by Act No. 157, Public Acts 1917, § 20, wherein it is provided:

"Taxes (county road tax) so assessed shall be collected and paid to the county treasurer the same as other county taxes. All the provisions of law relating to the assessment, levy, collection and return of county taxes and the sale of property delinquent therefor, shall apply to taxes to be raised pursuant to this act."

The county road tax exceeded the statutory limit by $9,750, making the excess levied against defendant $22.74. But by error in computation the circuit judge found the excess was $2.97. The objection going only

to the amount of the tax, the tax must be sustained so far· as the same is legal and just.    1. Comp. Laws 1915, § 4074.

Upon the filing by plaintiff, within fifteen days, of a remittitur of the $19.77 the judgment so reduced will stand affirmed, with costs to plaintiff.

FELLOWS, C. J., and MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.