BOARD OF EDUCATION *v.* BLONDELL.

1. STATUTES—REPEALS BY IMPLICATION.
   Repeals by implication are not favored.

2. SAME—CONFLICTING STATUTES SHOULD BE GIVEN EFFECT AS FAR
   AS POSSIBLE.'
   When two acts are in conflict, they cannot both be the law,
   unless there is some way of giving effect to both of them, and
   both should be given effect as far as possible.

3. SAME—EXCEPTIONS—PARTICULAR GENERALLY PREVAILS OVER GEN-
   ERAL.
   Generally, where a statute deals with a particular class of cases
   otherwise falling within general rule under another statute,
   the particular prevails over the general, especially if the par-
   ticular rule is of more recent enactment.

4. TAXATION—EXEMPTIONS—SCHOOLS AND SCHOOL DISTRICTS—EX-
   CEPTIONS TO GENERAL RULE.
   Provision of school code (section 8, chap. 2, pt. 2, Act No. 319,
   Pub. Acts 1927), exempting all property of school districts
   from taxation, and enacted subsequent to Act No. 118, Pub.
   Acts 1927, amending general tax law, which exempts only
   property used for public purposes, is construed to be excep-
   tion to said general rule, so that lands purchased by school
   district for future use for school purposes are exempt from
   taxation, although not so used at time they were assessed.

Appeal from Wayne; Dehnke (Herman), J., pre-
siding. Submitted June 17, 1930. (Docket No. 99,
Calendar No. 35,088.) Decided October 3, 1930.

Bill by Board of Education, Rural Agricultural
School District No. 1, Grosse Pointe township,
Wayne county, Michigan, against Neal Blondell,
treasurer of the village of Grosse Pointe, and an-
other for cancellation of a tax. From a decree dis-
missing the bill, plaintiff appeals. Reversed.

*William G. Fitzpatrick,* for plaintiff.

*Albert E. Meder (Beaumont, Smith & Harris* and *Joseph A. Vance, Jr.,* of counsel), for defendants.

BUTZEL, J.   Plaintiff is a Michigan rural agricultural public school corporation, whose district consists in the main of five incorporated villages in Wayne county.   Its rights, powers, and duties are set forth in Act No. 319, Pub. Acts 1927, which is a codification of various laws as amended, and provides for a system of public instruction in primary schools, for the classification, organization, regulation, and maintenance of schools and school districts, etc.   It is referred to herein as the general school code.

In 1925, in order to secure a site for an elementary school and at a cost of $180,806.17, plaintiff acquired through condemnation proceedings 7.27 acres of land in the village of Grosse Pointe.   The general school code provides that sites for rural agricultural schools should contain not less than five acres of ground (Act No. 319, Pub. Acts 1927, pt. 1, chap. 5, § 2).   At the time the site was acquired, there were 12 dwelling houses on it, but when the 1928 village tax, the subject of the litigation in the present case, was levied, only 7 houses remained, the others having been either sold or razed.   The property was acquired exclusively for school purposes, but owing to the development of certain conditions, it was deemed wise to postpone the building of the new school for the time being.   The project of building the school, however, was not abandoned, and the site is to be used exclusively for the purposes for which it was acquired.   During the interval, however, good business judgment prompted the renting

of the seven houses to private individuals. The gross amount of rentals for 1928 was $2,942.

The village of Grosse Pointe and its treasurer, who are defendants and appellees in the case at bar, assessed the property for general village taxes for the years 1927 and 1928. Plaintiff paid the 1927 tax and brought suit for its recovery. In a companion case in which we have filed an opinion this day (*Rural Agricultural School District* v. *Blondell, ante,* 525), we held that plaintiff is not entitled to recover the 1927 tax.

Plaintiff refused to pay the 1928 village tax, and brought the present suit to restrain defendants from reporting and returning the tax as unpaid to the Wayne county treasurer, and further, for the cancellation of such tax and assessment as illegal, null, and void.

Plaintiff claims that the property belongs to the school district and is exempt from taxation under section 8, chapter 2, pt. 2, Act No. 319, Pub. Acts 1927, heretofore referred to as the general school code. Section 8 reads as follows:

"The property of all school districts shall be exempt from taxation for all purposes."

This act was approved June 1, 1927. It did not expressly repeal any of the then existing laws regulating the taxation of property. On May 7, 1927, Act No. 118, Pub. Acts 1927, was approved and given immediate effect. This act amends certain provisions of the general tax law governing the assessment of property and the levying and collection of taxes in the State of Michigan. The law, as amended, is the general tax law of this State. Certain provisions of section 7 of the previous tax law are amended by this amendatory act, but in enumerating the prop-

erty exempted from taxation, the third paragraph of section 7 was not amended. It reads as follows:

"Third. Lands owned by any county, township, city, village or school district and buildings thereon used for public purposes."

The sole question in the present case is which provision should prevail, the one exempting from taxation for all purposes all property belonging to school districts as set forth in the school code hereinbefore quoted, or the one in the general tax law exempting such property *when used for public purposes.* The lower court held that inasmuch as the property belonging to plaintiff was not being used for public purposes as provided by the general tax law, it was not exempt from taxation, and dismissed plaintiff's bill of complaint.

We are confronted with what obviously appears to be two inconsistent and repugnant provisions in two different acts passed at the same session of the legislature, although the general school code was approved later than the amendment to the general tax law. We are further met with the rule that repeals by implication are not favored. When there are two acts in conflict with one another, they cannot both be the law unless there is some way of giving effect to both of them.

In the case of *Attorney General* v. *Joyce,* 233 Mich. 619, a somewhat similar situation presented itself. In that case, the special act relating to the election of commissioners provided that the board of supervisors might fill vacancies for that office for unexpired terms. A later general act passed in 1923 provided for the filling of vacancies and appointments of county officers by the probate judge, county clerk, and the prosecuting attorney. It contained no provision repealing the earlier statute.

We held that the later general act did not repeal the special act, but that the earlier act remained in full force and effect as a general exception to the later act.

In the case at bar, the provision in regard to exemptions frees the property of school districts from taxation for all purposes. We cannot ignore this provision. We must give effect to both acts as far as we can. The latest expression of the legislature was to the effect that all property of school districts, without any exception, is exempt from taxation. These words are not meaningless. The rule is laid down in *Glassell Development Company* v. *Citizens National Bank,* 191 Cal. 375 (216 Pac. 1012, 28 A. L. R. 1427), where the court discussed the effect of an earlier general act and a later special act. It said:

"But that section (the earlier) declares a general rule, and subdivision 3 of section 340 (the later act) deals with a particular class of cases otherwise falling within the general rule. In such a case the particular prevails over the general. Moreover, the particular rule is of more recent enactment, and on that ground alone would govern the case if applicable."

We are led to the conclusion that the provision in the school code exempting all property from taxation is an exception to the general tax law, and that all property of school districts is exempt. The decree of the lower court is reversed, and one will be entered in accordance with this opinion. This being a matter of public interest, neither party will recover costs.

WIEST, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.