[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 427 
Defendant Howard appeals from a decree permanently enjoining defendants city of Highland Park and police and fire commissioners of Highland Park from reinstating him to his former position as a member of the fire department of said city. For brevity we shall herein refer to defendant city of Highland Park as the "city," to defendant police and fire commissioners of Highland Park as the "fire commission," and to the firemen's civil *Page 428 
service commission of the city as the "civil service commission."
The charter of defendant city authorized the creation of a police and fire commission and vested it with general control and management of the fire department. Chapter 12, § 6, of the charter provided that "no member of the * * * fire force, except a probationary member, shall be dismissed except upon formal complaint and after trial and conviction by the (police and fire) commission sitting as a trial board." Prior to the events involved in this suit, the city had adopted the provisions of Act No. 78, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 2730-1 etseq., Stat. Ann. § 5.3351 et seq.) (later amended by Act No. 151, Pub. Acts 1941, and Act No. 173, Pub. Acts 1943 [Comp. Laws Supp. 1943, § 2730-6 et seq., Stat. Ann. 1943 Cum. Supp. § 5.3356 et seq.]), and in pursuance of said act had created a firemen's civil service commission.
In July, 1936, the chief of the fire department filed complaint requesting the discharge of defendant Howard, then a captain in the department, on the ground that he was a member of and active participant in a "secret and terroristic organization" known as the Black Legion. On April 6, 1937, a further complaint was filed against Howard alleging that he had been convicted of a conspiracy to murder one Arthur Kingsley. On April 12, 1937, the fire commission conducted a hearing on such charges, and defendant Howard, though not personally present, was represented by counsel. Testimony was taken, and the fire commission, finding him guilty, adopted resolution discharging him. He did not appeal to the civil service commission, and took no action questioning the legality of his discharge until 1942, when he petitioned the fire commission for reinstatement. *Page 429 
As above mentioned, defendant Howard had been convicted in March, 1937, of a conspiracy to murder Arthur Kingsley. Upon appeal, his conviction was reversed and a new trial granted.People v. Hepner, 285 Mich. 631. He was not retried, and in May, 1939, the conspiracy charges against him were dismissed. Defendants Brand and Fredericks had been employed in the fire department of defendant city until August, 1936, when they were discharged for cause by the fire commission. On appeal to the civil service commission, their discharges were affirmed. Their appeal to the circuit court was dismissed, and we affirmed such dismissal. In re Fredericks, 285 Mich. 262 (125 A.L.R. 259).
In 1942 defendants Howard, Brand, and Fredericks petitioned the fire commission for reinstatement to their former positions in the fire department. Despite the opinion of the city attorney that it did not have authority to do so, the fire commission, on October 6, 1942, adopted resolution reinstating them. On October 20, 1942, plaintiff as prosecuting attorney of Wayne county, upon the relation of certain residents and taxpayers of defendant city, filed bill of complaint alleging that defendant fire commission did not have authority to reinstate defendants Howard, Brand, and Fredericks, and asking that defendants city and fire commission be permanently enjoined from reinstating them.
About November 18, 1942, defendant Howard filed petition with the fire commission for a rehearing on the charges against him and asked that the resolution of the fire commission discharging him, which had been adopted April 12, 1937, "be rescinded and held for nought." The next day, November 19th, the fire commission rescinded its resolution and granted him a rehearing. At the rehearing on November 25th the fire commission determined that the *Page 430 
charges originally brought against him "had not been substantiated," and reinstated him in his former position.
On December 8, 1942, plaintiff filed supplemental bill of complaint, alleging that the action of defendant fire commission in connection with the reinstatement of defendant Howard was without authority, and further alleging that he could be reinstated only in accordance with the provisions of the firemen's civil service act. Defendants city and fire commission answered, alleging the regularity of the proceedings and generally denying plaintiff's right to the relief sought. Howard answered, claiming that he was not legally discharged in 1937 and that defendant fire commission had authority to grant him a rehearing and reinstate him.
On July 16, 1943, upon plaintiff's motion, the trial court entered a decree upon the pleadings, permanently enjoining defendants city and fire commission from reinstating defendants Howard, Brand, and Fredericks and enjoining said individuals from accepting reinstatement. Defendant Howard appeals from such decree. Defendants city, fire commission, Brand, and Fredericks have not appealed. This being a chancery case, we consider the same de novo.
On this appeal the only questions requiring consideration are, (1) Was defendant Howard legally discharged by the fire commission in April, 1937, and (2) Did the fire commission have authority to reinstate him to his former position in 1942? The title of Act No. 78, Pub. Acts 1935, provides in part:
"An act to establish and provide a board of civil service commissioners in cities, villages and municipalities having full paid members in the fire department; to provide a civil service system based upon examination and investigation as to merit, efficiency and fitness for appointment, employment and promotion *Page 431 
of all officers and men appointed in said fire departments; * * * to regulate the transfer, reinstatement, suspension and discharge of said officers and firemen."
Sections 7 and 14 of said act provided in part as follows:
"SEC. 7. * * * Appointments to and promotions in all paid fire departments * * * shall be made only according to qualifications and fitness to be ascertained by examinations, which shall be competitive, and no person shall be appointed, reinstated, promoted or discharged as a paid member of said department regardless of rank or position, * * * in any manner or by anymeans other than those prescribed in this act."
"SEC. 14. The tenure of every one holding an office, place, position or employment under the provisions of this act shall be only during good behavior and efficient service; and any such person may be removed or discharged, suspended without pay, deprived of vacation privileges or other special privileges for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment to the public, neglect of duty, violation of the provisions of this act or the rules of the commission, or any other failure of good behavior, or any other acts of misfeasance, malfeasance or nonfeasance in office: provided, however, no member of any fire department * * * shall be removed, discharged or reduced in rank or pay exceptfor cause, and in no event until he shall have been furnishedwith a written statement of the reasons for such actions. Inevery case of such removal * * * a copy of the statement ofreasons therefor and answer thereto, if the person sought to be removed desires to file such written answer, shall be furnishedto the civil service commission and entered upon its records. If the person sought to be removed or reduced *Page 432 
shall demand it, the civil service commission shall grant him a public hearing, which hearing shall be held within a period of 10 days from the filing of the charges in writing and a written answer thereto. At such hearing the burden shall be upon the removing officer to justify his action. In event that the civil service commission fails to justify the action of the removing officer then the person sought to be removed shall be reinstated."
Defendant Howard had notice of the charges against him, of the public hearing before defendant fire commission on April 12, 1937, at which hearing he was represented by counsel, and of the commission's action in discharging him. It appears that about April 19, 1937, subsequent to his discharge, the fire commission made the following report to the civil service commission:
"We herewith furnish to the civil service commission of thecity of Highland Park, to be entered upon its records, a true copy of written charges preferred by C. Floyd Baker, chief of the division of fire service of said city, against Frank Howard, a member of the fire force of said city.
"We further advise you that a hearing was held upon said charges on April 12, 1937, before the police and fire commission of said city. * * *
"Upon hearing the testimony and evidence, and after due consideration thereof, the police and fire commission unanimously found and determined that since the latter part of the year 1933 the said Frank Howard has been a member of a certain secret and terroristic organization known as the Black Legion, the Malteka Club and by various other names, and that * * * the said Frank Howard, as a member of said organization, did participate in an initiation ceremony wherein several members of said organization, including said Frank Howard and other members of the police and fire force of said city were *Page 433 
clothed in black gowns and hoods which concealed their identity, and were armed with revolver pistols and did then and there, by a display of force and arms and by means of threats and intimidation, compel various persons against their will to become initiated into said organization; * * * that since the latter part of the year 1933 the said Frank Howard has been actively engaged in the activities of said organization and throughout such period of time he was also a member of the fire force of said city of Highland Park.
"The commission further found and determined that the additional charges made by said C. Floyd Baker against said Frank Howard are true and that said Frank Howard was duly convicted by the recorder's court for the city of Detroit, of conspiracy to kill and murder Arthur Kingsley. * * *
"The commission finds and determines that such conduct and activities of said Frank Howard constitute malfeasance in office, disorderly conduct detrimental to the public peace, wilful misconduct to the injury of the public service, conduct unbecoming a fireman, and general failure of good behavior, rendering the said Frank Howard unfit to continue in the public service.
"For the foregoing reasons it was unanimously resolved and determined by the police and fire commission of said city of Highland Park that said Frank Howard be forthwith removed and discharged as an employee and member of the fire force of said city."
However, in January, 1943, the clerk of the civil service commission made affidavit that the records of said commission did not contain the charges against Howard or a "copy of the statement of reasons" for his discharge. Although he did not appeal to the civil service commission, Howard contends that he was not legally discharged by the fire commission, because a statement of the reasons for his *Page 434 
discharge was not "entered upon" the records of the civil service commission. Such contention raises the question as to whether or not the entry of a statement of the reasons for his discharge upon the records of the civil service commission was a condition precedent to his being legally discharged by the fire commission. Section 14 of the act first provides in substance that no member of the fire department shall be discharged except for cause and not until he shall have been furnished with a written statement of the reasons for his discharge. The act next provides in effect that in every case a copy of the statement of reasons for discharge "shall be furnished to the civil service commission and entered upon its records." It is clear that under the act the fire commission had authority to discharge Howard for cause, and after discharging him was required to file a statement of the reasons for his discharge with the civil service commission for entry upon its records. The furnishing of such statement to the civil service commission and the entry thereof on its records was not a condition precedent to his discharge by the fire commission.
The general purpose of the firemen's civil service act was to benefit the public by establishing a better-qualified personnel in the fire department and to protect its officers and employees from arbitrary and unjustifiable removal. Upon appeal by an officer or employee sought to be discharged, the civil service commission is to act as a reviewing board, and upon demand is required to grant him a public hearing. The provision of section 14 requiring a "copy of the statement of reasons" for discharge to be furnished to and "entered upon" the records of the civil service commission is to provide that commission, in case of appeal, with necessary information regarding the grounds for discharge by a commission or other removing *Page 435 
officer. As defendant Howard did not appeal, the civil service commission was not required to take any action, either sustaining or reversing his discharge by the fire commission. He makes no claim of fraud and, had he appealed, any claimed irregularity or deficiency in the records of the civil service commission could have been corrected at that time.
The factual situation and the terms of the statute involved in the case of Sullivan v. State Board of Tax Administration,290 Mich. 664, cited and relied upon by defendant Howard, distinguish it from the present case. In the Sullivan Case the statute involved stated in part: "In every such case of dismissal, the appointing authority shall, before the effectivedate thereof, give written notice of his action to the director." We held that under such statutory provision the appointing authority was required to give written notice of an employee's discharge to the director of civil service "before the effective date" of the discharge. The statute involved in the present case did not require the fire commission, prior to effecting Howard's discharge, to furnish the civil service commission with a statement of the reasons for his discharge, or that such statement be entered on the records of the civil service commission. In other words, his legal discharge by the fire commission was not conditioned upon a statement of the reasons for his discharge being entered upon the records of the civil service commission.
The firemen's civil service act provided the only means or method by which defendant Howard could have been reinstated, but he did not avail himself of the means for reinstatement afforded by that act. The fire commission had authority to remove him for cause, but not authority to reinstate him. The power to reinstate was solely in the civil service *Page 436 
commission. The fact that his conviction of a conspiracy to murder was subsequently reversed and the charge of conspiracy dismissed, did not affect the legality of his discharge in 1937, or entitle the fire commission to reinstate him. He could not, by petition to the fire commission in 1942, question the legality of his discharge by such commission in 1937 on the ground of claimed irregularity in the records of the civil service commission. We agree with the trial court who said in part:
"There is no question in my mind but what Act No. 78, Pub. Acts 1935, * * * absolutely precludes any reinstatement by the police and fire commission. These individual defendants did not resign their offices and positions, but they were discharged by the then responsible commission because their conduct and activities were disorderly in nature and detrimental to the public peace. This conduct was found to be wilful and to the injury of the public welfare, and their conduct was also unbecoming a fireman and was of such a nature as to render them unfit for continued public service. * * * It would appear that their reinstatement, if at all permissible, could only be effectuated by the order of the civil service commission."
We conclude that defendant Howard was legally discharged by the fire commission in April, 1937, and that such commission did not have power to reinstate him. He did not appeal from his discharge to the civil service commission, which had exclusive authority to grant reinstatement.
Furthermore, for over five years defendant Howard apparently did not question the legality of his discharge. The orderly conduct of municipal affairs requires that an officer or employee, claiming to have been discharged illegally, shall act with reasonable promptness in asserting his right to reinstatement. *Page 437 
Our decision in Jones v. Doonan, 265 Mich. 384, is directly applicable. In that case a policeman who was discharged for cause failed to question the legality of his discharge for nearly three years. In affirming the trial court's judgment denying his petition for writ of mandamus to compel reinstatement, we said:
"Unreasonable delay in asserting claim to the office resultsin abandonment of it and waiver of the right of trial. Public business requires that the assertion of claim to office be by formal demand and appropriate legal proceedings. It is not sufficient to merely make the claim and leave it open to inaction or controversy. * * *
"Plaintiff's declaration that he would never appear before the trial board and his subsequent failure to formally assert his right to the office or employment, within a reasonable time, was a waiver of the right of trial and an acquiescence in his dismissal. When to that is added the fact that he took no judicial proceedings for reinstatement for a period of nearly three years it must be held that he had abandoned his office and is not now entitled to reinstatement."
Howard's failure for a period of more than five years to question the legality of his discharge by the fire commission must be construed as an acquiescence in his discharge and an abandonment of his claimed right to a position in the fire department.
In view of our conclusions, other questions presented do not require consideration. The decree of the trial court entered July 16, 1943, is affirmed. A public question being involved, no costs are allowed.
NORTH, C.J., and WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. *Page 438