## WINTER *v.* ROYAL OAK CITY MANAGER.

1. STATUTES—CONFLICTING ACTS.

   When two acts are in conflict with one another, they cannot both be the law unless there is some way of giving effect to both of them.

2. MUNICIPAL CORPORATIONS—CIVIL SERVICE—STATUTES—CHARTERS.

   Where charter amendment establishing system of civil service for all eligible city employees and by way of initiatory petition statute authorizing establishment of system of civil service for firemen only were adopted at same election, and certain taxpayers seek to have latter system established, the court must ascertain and give effect to the intent of the electorate with due regard to the circumstances and the purposes sought to be accomplished since the acts are not conflicting, general and special acts (1 Comp. Laws 1929, § 2239; Act No. 78, Pub. Acts 1935).

3. SAME—PURPOSE OF FIREMEN'S CIVIL SERVICE ACT.

   The general purpose of the municipal firemen's civil service act was to benefit the public by establishing a better-qualified personnel in the fire department and to protect its officers and employees from arbitrary and unjustifiable removal (Act No. 78, Pub. Acts 1935).

4. MANDAMUS—DISCRETION OF OFFICERS—CHOICE OF CIVIL SERVICE
SYSTEMS.

Where electorate of home-rule city adopted a municipal fire-
men's civil service act and at the same election adopted a
charter amendment requiring establishment of system of civil
service for all eligible city employees, the determination of
the city commission and city manager, as director of depart-
ment of public safety and chief administrative officer, that
the electorate must have intended to inaugurate the broader
and more comprehensive civil service machinery which af-
forded most of the benefits to the firemen, involved an exercise
of discretion with which the court will not interfere by man-
damus in the absence of a showing of abuse (1 Comp. Laws
1929, § 2239; Act No. 78, Pub. Acts 1935).

5. SAME—DISCRETION OF OFFICERS.

A writ of mandamus is a writ of grace and not of right and
denial of same in reviewing action of an official requiring the
exercise of discretion is proper where there is no showing of
an abuse of such discretion.

6. COSTS—PUBLIC QUESTION—ADOPTION OF CIVIL SERVICE BY HOME-
RULE CITY.

No costs are allowed in mandamus proceeding wherein review
was had of the determination of home-rule city officers made
when they were confronted with the matter of adopting one
or both of two systems of civil service, a public question being
involved (1 Comp. Laws 1929, § 2239; Act No. 78, Pub. Acts
1935).

Appeal from Oakland; Holland (H. Russel), J.
Submitted January 14, 1947. (Calendar No. 43,528.)
Decided April 8, 1947.

Mandamus by Frank A. Winter and others
against Edward M. Shafter, Royal Oak City Man-
ager, to compel the appointment of members of
Civil Service Commission under Act No. 78, Pub.
Acts 1935. Writ denied. Plaintiffs appeal. Af-
firmed.

*Wendell Brown,* for plaintiffs.

*William C. Hudson,* for defendant.

BUSHNELL, J.   Plaintiffs are paid members of the Royal Oak city fire department. Some of them are property owners and taxpayers. Royal Oak received its charter as a home-rule city on November 8, 1921. Under the provisions of section 4i* of the home-rule act (Act No. 279, Pub. Acts 1909, as amended, [1 Comp. Laws 1929, § 2228 *et seq.,* Stat. Ann. § 5.2071 *et seq.*]), a city may provide in its charter "for a system of civil service."

In 1935 the Legislature provided in Act No. 78 that:

"Within 30 days after this act shall take effect there may be created a civil service commission in each city, village or municipality of any population whatsoever having a fire department, any of the members of which are full-paid by said city, village or municipality."

See Comp. Laws Supp. 1940, § 2730–1 *et seq.,* Stat. Ann. § 5.3351 *et seq.* This act was amended in 1945 by Act No. 287,† to include policemen as well as firemen, by adding the words, "and/or police." See *Wayne County Prosecuting Attorney, ex rel. Taxpayers,* v. *City of Highland Park, ante,* 220.

Royal Oak has a commission-manager form of government. Defendant Edward M. Shafter, its manager, is the director of the department of public safety, which includes the fire department. He is, also, the chief administrative officer of the city.

Subsequent to the enactment of Act No. 78, Pub. Acts 1935, certain members of the fire department requested the city commission to place upon the ballot at the ensuing general election the question

---

* 1 Comp. Laws 1929, § 2239 (Stat. Ann. § 5.2082).—REPORTER.
† See Comp. Laws Supp. 1945, § 2730–1 *et seq.,* Stat. Ann. 1946 Cum. Supp. § 5.3351 *et seq.*—REPORTER.

of whether the provisions of this act should be adopted. Section 17a of the act reads:

"The foregoing provisions of this act shall not take effect in any city or village until approved by a majority of the electors voting thereon at an election at which the question of adoption of this act for that city or village is properly submitted.

"The governing body of any city or village may by resolution submit the same to the electors of such city or village at any regular or special election."

The city commission denied this request and, instead, authorized the submission of the following question to the electors:

"Shall the charter amendment proposed by the city commission, which requires the enactment of an ordinance to provide a merit system for all eligible city employees, be adopted?"

On August 14, 1936, an initiatory petition was presented to the city clerk to place Act No. 78 on the ballot. This petition, having been found "to be in conformity with the charter provisions for initiative and referendum," the city commission, by resolution, authorized the submission of the question at the next election.

After the election of September 15, 1936, it was officially determined that there were 1,138 votes in favor of the charter amendment for general civil service and 428 votes against it. On the firemen's civil service question (i.e., adoption of Act No. 78, Pub. Acts 1935), it was also officially determined that there were 842 votes in favor of its adoption and 582 votes contra.

After the official canvass of this vote on the question of adopting Act No. 78, the members of the fire department notified the city commission of the selection of their representative to the firemen's

civil service commission pursuant to the terms of the act. However, the city commission concluded that the general civil service amendment to the city charter took precedence over the adoption of Act No. 78, and a general civil service ordinance was enacted on April 6, 1937. The city manager has since followed the provisions of the charter amendment and the ordinance in making appointments and promotions in the fire department, but no appointments have been made to the firemen's civil service board under Act No. 78.

Petitioners took no legal action in the matter until February 19, 1945, when they filed a petition in the Oakland county circuit court for a writ of mandamus to compel the city manager to forthwith appoint members to the firemen's civil service commission as provided for in Act No. 78. In passing, it should be noted that the issues framed by the pleadings were submitted to the trial court on a stipulation of facts and on agreed questions of law. It was also agreed that defendant's affirmative defenses of waiver, estoppel and laches were "withdrawn."

The circuit judge denied the petition for a writ of mandamus and, in doing so, filed a written opinion in which he compared the provisions of the Royal Oak charter amendment with those of the firemen's civil service act. He noted that they both had in common:

"a.   Promotion and appointment to be based on merit and fitness.

"b.   Administered by nonpolitical board of three residents and electors holding no other public office.

"c.   Old employees continued in service.

"d.   New appointments made from eligible list obtained through examination of applicants.

"e.   First six months service a probationary period.

"f. Discharges only for cause after being furnished a copy of charges and granted opportunity for hearing."

Some of the contradictory features "are shown in the following table of differences:"

| | "Charter amendment | Act No. 78 |
|---|---|---|
| "Appointing authority for board | City commission | City manager (2) Fire department (1) |
| Term of board members | 3 years | 6 years |
| Appointment from eligible list | 1 of 3 highest | The one highest |
| Age Limits | 21–32 (for police and fire departments) | 21–35 |
| Temporary appointments allowed | For 6 months | For 3 months |
| Residence in the city | Preferred | Required |
| Employees covered | All departments | Fire department (paid members)" |

The trial judge observed:

"There are enough differences that if both systems are in effect it requires the maintenance by the city of two separate civil service organizations with two separate systems of records and two separate systems of procedure."

The trial judge held that the provisions of Act No. 78 had not been properly submitted to the electorate of the city, and that the act in question was an interference with the home-rule rights of the city and, therefore, unconstitutional and void.

Leave was granted to appeal from the order denying the petition for a writ of mandamus, and we are now presented with conflicting questions from both parties as well as the rather perplexing one of reconciling the apparent inconsistencies in the expressed will of the electorate.

Defendant urges consideration of the applicability of section 6 of the city charter, which reads:

"The commission may, of its own motion, submit to electoral vote for adoption or rejection at a general or special municipal election, any proposed ordinance or measure, or a proposition for the repeal or amendment of any ordinance, in the same manner and with the same force and effect as provided in this charter for submission on petition. If the provisions of two or more proposed ordinances, or measures adopted or approved at the same election are inconsistent, then the ordinance or measure receiving the highest affirmative vote shall prevail."

Decision here, however, can be reached without the necessity of applying or construing the language of the foregoing section of the city charter.

The established rule is that contemporaneous statutes should be construed together, and "where there are two acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other general, which, if standing alone, would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act or provision, especially when such general and special acts or provisions are contemporaneous, as the legislature are not to be presumed to have intended a conflict." *Crane* v. *Reeder*, 22 Mich. 322, 334, and authorities therein cited.

This rule was followed in *Board of Education* v. *Blondell*, 251 Mich. 528, citing *Attorney General, ex rel. Owen,* v. *Joyce*, 233 Mich. 619, the Court saying:

"When there are two acts in conflict with one another, they cannot both be the law unless there is some way of giving effect to both of them."

Here, however, we are not confronted with conflicting general and special acts, but with the apparent inconsistency in the expressed will of the electorate. We must, therefore, ascertain and give effect to the intent of the electorate with due regard to the circumstances and the purposes sought to be accomplished. *Kearney* v. *Board of State Auditors,* 189 Mich. 666, and *School District of City of Pontiac* v. *City of Pontiac,* 262 Mich. 338.

"The general purpose of the firemen's civil service act was to benefit the public by establishing a better-qualified personnel in the fire department and to protect its officers and employees from arbitrary and unjustifiable removal." *Wayne County Prosecuting Attorney, ex rel. Taxpayers,* v. *City of Highland Park,* 308 Mich. 425.

This purpose, however, is also accomplished by the general civil service amendment to the Royal Oak city charter and the city ordinance enacted pursuant thereto.

We are in agreement with the observation of the trial judge that:

"The author of Act No. 78 must have recognized the right of cities to provide systems of civil service and so intended Act No. 78 to have application to cities and villages which have no system of civil service or to those whose charter does not provide for a system of civil service."

In *Motorcoach Operators' Ass'n, Inc.,* v. *City of Detroit,* 284 Mich. 321, it was held that:

"The city of Detroit, empowered with the right of home rule, may place in its charter, by amendment duly adopted, any provision for its government or regulation of municipal affairs, deemed advisable and not in contravention of the general statutory regulation and provision of the Constitution."

In the *Motorcoach Case* this Court, in construing the home-rule act with reference to the establishment of civil service for the employees of a public transportation facility, said:

"Division or classification of municipal employees, engaged in transportation service, may be established with seniority of members therein based on length of service, but such classes, whether expressly established by municipal action or arising out of recognition, cannot bar subsequent municipal action, authorized by charter amendment, expressive of the will of the people."

In *Pryzbylowski* v. *Detroit Board of Poor Commissioners,* 188 Mich. 270, it was held that an amendment to the charter of the city of Detroit, by which a new and comprehensive system of civil service was established, of necessity repealed all special acts relating to appointment and removal in individual departments, even though it contained no express repealing clause.

Following the contemporaneous adoption by the electorate of a general civil service amendment to the city charter, and their approval of a statutory enactment for the creation of a limited and more restricted civil service commission solely for firemen, the city commission was confronted with the perplexing question of how to reconcile this apparent conflict. It was determined that the electorate must have intended to inaugurate the broader and more comprehensive civil service machinery. This determination afforded most of the benefits of Act No. 78 to the firemen and at the same time made civil service available to all the city employees. The city commission was justified in concluding that civil service in Royal Oak should operate on the broader and not the more limited plan. Any other conclusion would have thwarted the intent of the electorate.

The ultimate question presented for decision here; *viz.*, reconciling an apparent conflict in electoral intent, was not involved in *McMullen* v. *Saginaw City Manager*, 300 Mich. 166. Obviously that case involved and determined the constitutionality of Act No. 78, Pub. Acts 1935, and that question is no longer open to discussion.

The duty imposed upon the city commission and city manager in the instant case was not solely ministerial. The situation required the exercise of the discretionary powers vested under the charter in the commission and city manager, and in the absence of a showing of an abuse of that discretion the peremptory writ of mandamus should not issue. *McHenry* v. *Township Board of Chippewa*, 65 Mich. 9. See, also, "Mandamus To Review Administrative Action," 45 Michigan Law Review, 123, 157, December, 1946. If the electorate of the city of Royal Oak is dissatisfied with the discretion that was exercised, it still has a remedy under the initiative and referendum provisions of the charter.

A writ of mandamus is a writ of grace and not of right, and the trial judge did not err in denying the petition for the writ.

The order of the trial court is affirmed, but without costs, a public question being involved.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred with BUSHNELL, J. DETHMERS, J., concurred in the result.