VALENTINE *v.* REDFORD TOWNSHIP SUPERVISOR.

1. STATUTES—REPEAL BY IMPLICATION—VETERANS' PREFERENCE ACT
   —TOWNSHIP CIVIL SERVICE ACT.
   The veterans' preference act *held,* not to have been repealed by implication as to township employees by the township civil service act, although the latter act was later and contained a general repealing clause repealing acts in conflict therewith, where an amendment thereto specifically required the civil service commission to keep a roster of members of the fire and police department, together with a record of service, military or naval experience, and it appears that the veterans' preference act had been amended to provide specifically that if there were a conflict between it and the later-enacted county civil service act the latter should prevail (CL 1948, § 35.401 *et seq.,* as amended; § 38.401 *et seq.,* as amended; § 38.501 *et seq.,* as amended).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4]  50 Am Jur, Statutes §§ 534–551.
[3, 5, 6]  50 Am Jur, Statutes § 363.
[7]  10 Am Jur, Civil Service § 11.
[8]  50 Am Jur, Statutes § 518.
[9]  10 Am Jur, Civil Service §§ 10, 11, 14.
[10]  14 Am Jur, Costs §§ 10, 11, 23.

2. SAME—REPEAL BY IMPLICATION.

Repeal by implication is not permitted if it can be avoided by any reasonable construction of the statutes whereby they can be reconciled and a purpose found to be served by each.

3. SAME—CONSTRUCTION OF STATUTES.

The duty of the courts is to reconcile statutes if possible and enforce them, statutes on the same general subject being regarded as part of 1 system and later statutes being construed as supplementary to those preceding them.

4. SAME—REPEAL BY IMPLICATION.

A later statute will be held to repeal a former statute by implication only when the 2 acts are so incompatible that both cannot stand.

5. SAME—TOWNSHIP CIVIL SERVICE ACT—VETERANS' PREFERENCE ACT.

The township civil service act was designed to provide, in the public interest, a civil service system based upon merit and to confer certain benefits upon civil service employees, including tenure, rights of promotion, and others and need not be considered irreconcilable with the previously-enacted veterans' preference act enacted for the purpose of discharging, in a measure, the debt of gratitude the public owes to veterans who have served in the armed services in time of war, by granting them a preference in original employment and retention thereof in public service (CL 1948, § 35.401 *et seq.,* as amended; § 38.501 *et seq.,* as amended).

6. SAME—TOWNSHIP CIVIL SERVICE ACT—VETERANS' PREFERENCE ACT.

Claim of irreconcilability between the township civil service law and the veterans' preference act is effectively refuted by the fact that the former act now contains a provision requiring the civil service commission to keep a roster of policemen together with a record of their military or naval experience and the latter act provides that an appointee thereunder, aside from the preference due him as a veteran, shall possess other requisite qualifications, after credit allowed by the provisions of any civil service laws (CL 1948, § 35.401, as amended by PA 1959, No 179; § 38.509).

7. TOWNSHIPS—DETECTIVES—CIVIL SERVICE ACT—VETERANS' PREFERENCE ACT—DISCHARGE.

Detective on township police force who was discharged by the supervisor, action which was upheld by the township civil service commission, but who was not afforded a hearing by the township board, as he had timely requested, was not pre-

cluded from remaining in his previous job under the veterans' preference act as his future civil service act rights would still be subject to commission determination (CL 1948, § 35.401, as amended by PA 1959, No 179; CLS 1956, §§ 38.507, 38.511, 38.514).

8. STATUTES—REPEAL.

The purpose and effect of a statement in the title of an act that 1 of its purposes was to repeal all acts inconsistent therewith, included in the title to accommodate a section containing such repealing language must be deemed to have fallen with the repeal of the section (PA 1935, No 78, § 19, repealed by PA 1945, No 267).

9. TOWNSHIPS—DETECTIVE—HEARING BY TOWNSHIP BOARD—VETERANS' PREFERENCE ACT—REINSTATEMENT—MANDAMUS.

A veteran, employed as detective on township police force, who had not been accorded a hearing by the township board following timely protest of discharge by supervisor, is not automatically reinstated by failure to have the hearing by township board as accorded by the veterans' preference act, as the hearing must precede the reinstatement and his right thereto is dependent upon the decision of the township board, hence, he is not as yet entitled to mandamus to compel reinstatement (CL 1948, § 35.401 et seq., as amended).

10. COSTS—NEITHER PARTY PREVAILING IN FULL—MANDAMUS.

No costs are allowed in mandamus proceeding by discharged detective on township police force to compel his reinstatement, where the township board is required to conduct hearing accorded him by the veterans' preference act, since neither party has prevailed in full (CL 1948, § 35.401 et seq., as amended).

SOURIS, J., dissenting.

Appeal from Wayne; Sullivan (Joseph A.), J. Submitted June 6, 1963. (Calendar No. 26, Docket No. 49,879.) Decided September 4, 1963.

Mandamus by James Valentine against Jack McDonald, township supervisor, the Redford Township Board and the Redford Township Civil Service Commission to compel reinstatement on police department under veterans' preference act. Writ denied.

Plaintiff appeals. Reversed and remanded for issuance of writ requiring hearing before township board.

*Marvin Blake (Ronald M. Rothstein,* of counsel), for plaintiff.

*Kasoff, Young, Gottesman & Kovinsky (Allen J. Kovinsky,* of counsel), for defendants.

DETHMERS, J.  Plaintiff is an honorably discharged marine of World War II.  Prior to February 24, 1961, he was a detective on the Redford township police department.  On that date he was notified by letter from the township supervisor that, effective immediately, he was permanently removed as a member of the police department because of immoral conduct.

PA 1897, No 205, as amended (CL 1948, § 35.401 *et seq.,* as amended [Stat Ann 1961 Rev § 4.1221 *et seq.*]), is "An act to prefer honorably discharged members of the armed forces of the United States for public employments" in every public department of the State and of every county and municipal corporation thereof.  It is commonly known as the veterans' preference act.  Section 1 provides for veterans' preference in hiring for such positions. Section 2 provides that no veteran holding such employment in any public department of the State or any county, city or township, shall be removed therefrom except for certain specified misconduct, and then only after full hearing, in the case of a township, before the township board, which right the veteran waives, however, if he fails to file a written protest with the board within 30 days from the day of his removal.  The statute further provides that such hearing shall be afforded the veteran within 30 days after the filing of his protest.

PA 1935, No 78, as amended (CL 1948, § 38.501 *et seq.,* as amended [Stat Ann 1958 Rev § 5.3351 *et seq.*]), hereinafter called the civil service act, provides for a civil service merit system for police and fire departments in municipalities, if adopted by a majority of the electors therein voting thereon. It was adopted by the electors in Redford township in 1952. Section 14 of that act permits removal of a member of the police department only for cause and, upon his demand, after a public hearing before the civil service commission.

On February 28, 1961, plaintiff filed a demand for hearing before the civil service commission, and a protest of his dismissal with the township board under the veterans' preference act.

A public hearing was had, as demanded, before the civil service commission. It sustained plaintiff's removal. He appealed, by certiorari, to the circuit court. The court affirmed the action of the civil service commission. No appeal therefrom has been taken to this Court.

Plaintiff was never afforded a hearing before the township board under the veterans' preference act. He demanded reinstatement because such hearing was not held within 30 days after his protest, as provided in that act. Upon denial thereof he sought mandamus in circuit court to compel his reinstatement accordingly. This was denied by the circuit court. From that plaintiff appeals here.

Defendants contend that, to the exent that it had application to this situation, the veterans' preference act has been repealed by the subsequently enacted civil service act. This the plaintiff denies.

It is interesting to note that the civil service act, as originally enacted, contained a section 19 providing:

"All acts and parts of acts in conflict with the provisions of this act are hereby repealed insofar as they conflict with the provisions of this act."

Section 19 was repealed by PA 1945, No 267. More significant is the fact that, after enactment of PA 1941, No 370 (CL 1948, § 38.401 *et seq.,* as amended [Stat Ann 1961 Rev § 5.1191(1) *et seq.*]), providing for a civil service system in certain counties, section 1 of the veterans' preference act was amended in 1959, by Act No 179, to provide that if, in any instance, there is a conflict between the provisions of those 2 acts, the said county civil service act of 1941 "shall prevail." No such provision is contained in the veterans' preference act with respect to the civil service act covering townships. From this it is evident that the legislature was cognizant of the existence of the veterans' preference act when it enacted the civil service acts and well knew how to effect an express repeal of veterans' preference provisions in favor of civil service act provisions and how to cause the former, by express terms, to be superseded by the latter when it so desired. Having done this expressly in the case of county civil service by amendment of the veterans' preference act and not having done so with respect to township civil service, and having incorporated in the 1935 civil service act section 19 repealing all acts or parts of acts in conflict therewith and, thereafter, in 1945, having repealed that section 19, it seems evident that the legislature has not intended that the veterans' preference act, in whole or in part, should be deemed repealed by the 1935 civil service act as amended and as applied to townships. This view finds further support in the fact that in section 9 of the 1935 civil service act, as amended,[1] it is required that the civil service commission shall

---

[1] CL 1948, § 38.509 (Stat Ann 1958 Rev § 5.3359).—Reporter.

"keep a roster of the members of the fire and police department, together with a record of service, *military or naval experience.*" Certainly the repeal contended for by defendants is not express. As noted above, the legislative intent appears to have been to the contrary.

Is there repeal by implication as defendants urge?

"Repeal by implication is not permitted if it can be avoided by any reasonable construction of the statutes. *Couvelis* v. *Michigan Bell Telephone Co.,* 281 Mich 223; *People* v. *Hanrahan,* 75 Mich 611 (4 LRA 751). If by any reasonable construction 2 statutes can be reconciled and a purpose found to be served by each, both must stand, *Garfield Township* v. *A. B. Klise Lumber Co.,* 219 Mich 31; *Edwards* v. *Auditor General,* 161 Mich 639; *People* v. *Harrison,* 194 Mich 363. The duty of the courts is to reconcile statutes if possible and to enforce them, *Board of Control of the Michigan State Prison* v. *Auditor General,* 197 Mich 377. The courts will regard all statutes on the same general subject as part of 1 system and later statutes should be construed as supplementary to those preceding them, *Wayne County* v. *Auditor General,* 250 Mich 227. See, also, *Rathbun* v. *State of Michigan,* 284 Mich 521." *People* v. *Buckley,* 302 Mich 12, 22.

"This court has held that only, when 2 acts are so incompatible that both cannot stand, does a later act repeal a former." *In re Estate of Reynolds,* 274 Mich 354, 360.

By reasonable construction the 2 statutes can be reconciled and a purpose may be found to be served by each act, so both must stand. The civil service act was designed, according to its title, to provide, in the public interest, a civil service system based upon merit and to confer certain benefits upon civil service employees, including tenure, rights of promotion, and others. The veterans' preference act

was enacted for the purpose of discharging, in a measure, the debt of gratitude the public owes to veterans who have served in the armed services in time of war, by granting them a preference in original employment and retention thereof in public service. These purposes need not be considered irreconcilable. It is our duty to reconcile the 2 statutes, if possible, and to enforce them.

As already observed, the civil service act requires the commission to keep a roster of policemen together with a record of their military or naval experience. This could serve no purpose other than for granting preference to veterans for appointment, tenure, or promotion under the civil service system. At the same time, section 1[2] of the veterans' preference act provides that an appointee thereunder, aside from the preference due him as a veteran, shall "possess other requisite qualifications, after credit allowed by *the provisions of any civil service laws.*" Claims of irreconcilability seem effectively refuted by these provisions of the 2 acts.

Defendants say that sections 11(b) and 14, and particularly the language of section 7, of the civil service act[3] are in flat contradiction of the rights contended for by plaintiff under the veterans' preference act, inasmuch as it is there provided that appointment shall not be in any manner or by any means other than in the civil service act prescribed. Again it is to be observed that it is possible, without conflict between the 2 acts, in making appointments under the civil service act, to accord, by civil service commission rule, the preference required under the veterans' preference act. Section 14 of the civil service act provides that "tenure   *   *   *   under the

---

[2] CL 1948, § 35.401, as amended by PA 1959, No 179 (Stat Ann 1961 Rev § 4.1221).—REPORTER.

[3] CLS 1956, §§ 38.511, 38.514, 38.507 (Stat Ann 1958 Rev §§ 5.3361, 5.3364, 5.3357).—REPORTER.

provisions of this act" can be terminated by the civil service commission. There can be no doubt that plaintiff's rights theretofore earned by his service under that act have come to an end by commission action. That does not mean to say that his right to employment, without continued benefit of rights conferred by the civil service act in connection with his previous service, may not still be subject to the determination of the township board under the veterans' preference act. The civil service commission's termination of plaintiff's rights theretofore enjoyed or earned under the civil service act would not necessarily be in conflict with a township board holding that he is entitled to remain in his previous job under the veterans' preference act. Future civil service act rights would still be subject to commission determination.

Defendants point to the statement in the title of the 1935 civil service act that 1 of its purposes was to repeal all acts inconsistent therewith. This was no doubt included in the title to accommodate section 19 containing such repealing language. As already stated, that section was repealed by PA 1945, No 267. The purpose and effect of the noted language in the title must be deemed to have fallen with the repeal of that section. Even so, defendants' argument begs the question, which still must be, in this connection, as it is in regard to the question of repeal by implication, whether there is such inconsistency between the 2 acts. We conclude that there is not.

Defendants cite *People* v. *Buckley, supra,* to the effect that plaintiff could not participate in the civil service commission hearing and thereafter claim the right of a hearing before the township board. In the *Buckley Case* the defendant submitted to criminal trial before a circuit judge assigned, under a statute providing for such assignment, to the recorder's

court of Detroit. After conviction defendant urged that the court had been without jurisdiction because the assignment statute had been repealed by implication by another, later statute making different provisions for assignment of judges to the traffic and ordinance division of the recorder's court. Appropriate to the situation in that case was the holding that defendant could not submit to trial by the court and, after conviction, challenge the power of the court and demand in place thereof a new trial in a court otherwise constituted. It is inapt here. Plaintiff does not challenge the jurisdiction or power of the civil service commission to do what it here did, namely, terminate his rights under the civil service act. But he claims other substantive rights under the veterans' preference act. As to these, he claims the right, as therein provided, to a hearing before the township board. We think it should have been accorded him.

Plaintiff's petition for writ of mandamus and prayer for relief in his brief filed here seek mandamus to compel his reinstatement to his job. While the veterans' preference act does provide that the township board shall hold a hearing within 30 days after the veteran employee files a protest of his discharge, it does not provide that failing that the employee is automatically reinstated in his position. The hearing must precede such reinstatement. He has not had the hearing before the township board. He is entitled to it. His right to reinstatement is dependent on the decision of that board.

Reversed. Cause remanded for issue of a writ of mandamus requiring the defendant township board to conduct the hearing as herein provided. No costs, neither party having prevailed in full.

CARR, C. J., and KELLY, BLACK, KAVANAGH, SMITH, and O'HARA, JJ., concurred with DETHMERS, J.

Souris, J. (*dissenting*). Forty years ago Mr. Justice Wiest, in *Koeper* v. *Detroit Street Railway Commission*, 222 Mich 464, 487, observed that veterans' preference acts "have always been accorded tender consideration by the courts." However appropriate such consideration may be in legislative halls and while we may take judicial notice of its exercise there, in the performance of our own judicial function when called upon to measure the continuing vitality of such an act by standards universally applicable, we should not let slip Justitia's blindfold.

We have before us 2 allegedly inconsistent statutes. If indeed irreconcilably inconsistent, only the last enacted statute may apply in the circumstances of inconsistency,—by judicial implication of repeal of the first enacted statute absent legislative language of express repeal. *In re Estate of Reynolds*, 274 Mich 354, 360; *Jackson* v. *Michigan Corrections Commission*, 313 Mich 352, 356; and *Washtenaw County Road Commissioners* v. *Public Service Commission*, 349 Mich 663.

I cannot read PA 1897, No 205,[1] the veterans' preference act, and PA 1935, No 78,[2] the civil service act currently applicable to certain municipal fire and police departments, as does Mr. Justice Dethmers. Their objectives and their express provisions are, in my view, in irreconcilable conflict and, therefore, I would hold that in those cities, villages, and municipalities whose electors have adopted by referendum the act of 1935, as its section 17a[3] provides, the earlier enacted veterans' preference act no longer is applicable. Absent a record of legislative debate or other aid in determining what was intended by the

---

1 CL 1948, § 35.401 *et seq.*, as amended (Stat Ann 1961 Rev § 4.1221 *et seq.*).
2 CL 1948, § 38.501 *et seq.*, as amended (Stat Ann 1958 Rev § 5.3351 *et seq.*).
3 CLS 1956, § 38.517a (Stat Ann 1958 Rev § 5.3368).

legislature in 1935, we are limited to consideration of the statutory language alone. That language falls far short of expressing to me any legislative intent from which we can make of the act of 1935 something less than the comprehensive *merit* system it purports to be for those governmental units which have elected to adopt its provisions.

Before passage of the act of 1935, and its amendment by PA 1945, No 287, firemen and policemen of such governmental units were appointed, employed, removed, and transferred, as in every other department of the State, counties, and other municipal corporations, subject to the preferences granted veterans by PA 1897, No 205. Honorably discharged veterans were required by the first section of that act to be "preferred for appointment and employment." By the second section of that act they were granted additional preferential benefits not accorded nonveteran employees by legislative prohibition against their removal, suspension, or transfer except for "official misconduct, habitual, serious or wilful neglect in the performance of duty, extortion, conviction of intoxication, conviction of felony, or incompetency," after due notice and a full hearing before designated elected officials of the governing unit or, if removed, suspended, or transferred prior to such notice and hearing, such hearing had to be held within 30 days of the aggrieved veteran's protest against such action.

By enactment of the 1935 civil service act, the legislature authorized procedures whereby any city, village, or municipality employing full-time fire or police departments, whose electors so desired, could improve and maintain a high quality of performance in such publicly vital departments by requiring appointments of applicants and promotions of members to be made solely by reference to their relative or comparative merit and fitness as determined by

uniform examinations. Sections 11 and 12 of the act of 1935 (CLS 1956, §§ 38.511, 38.512 [Stat Ann 1958 Rev §§ 5.3361, 5.3362]). At the same time, this legislation extended to all members of the fire and police departments of such cities, villages, and municipalities, protection against political and personal preference or discrimination by their superiors. *Wayne County Prosecuting Attorney, ex rel. Taxpayers,* v. *City of Highland Park,* 308 Mich 425, 434; *Winter* v. *Royal Oak City Manager,* 317 Mich 259, 266; *Olson* v. *City of Highland Park,* 345 Mich 345, 349. Indeed, there is no room in the 1935 statutory scheme, as I read it, for preference of any kind to veterans as such.

When we turn to the specific provisions of the 2 acts, their conflicts are equally obvious and equally irreconcilable. For example, the earlier act provides that veterans "shall be preferred for appointment and employment" (section 1), whereas section 7 of the later act provides:

"On and after the date this act takes effect, appointments to and promotions in all paid fire and/or police departments of cities, villages or municipalities of any population whatsoever shall be made only according to qualifications and fitness to be ascertained by examinations, which shall be competitive, and no person shall be appointed, reinstated, promoted or discharged as a paid member of said departments regardless of rank or position, in any fire or police department of any city, village or municipality in the State of Michigan, in any manner or by any means other than those prescribed in this act." CLS 1956, § 38.507 (Stat Ann 1958 Rev § 5.3357).

Other provisions of the later act, sections 10, 11, and 12, make it as certain as legislative inventiveness can make it that no preference be given over

merit and fitness excepting only (section 10[4]) in favor of an applicant who has formerly served in such department for more than 10 years and who, within the preceding 2 years, has resigned therefrom at a time when no charges of misconduct or other misfeasance were pending.

Furthermore, the provisions of the veterans' preference act (section 2) prohibiting removal, suspension or transfer of veterans except for stated causes and providing for a hearing, are inconsistent with the comparable provisions (section 14[5]) of the later civil service act which apply to nonveterans as well as veterans, specify different causes for removal or disciplinary action, and provide an entirely different hearing, before different officers, upon different notice, and at different times. Moreover, section 2a of the veterans' preference act[6] permits reductions in force on the basis not only of seniority of service, but also "on the basis of quality of service as determined by the employing authority, and those having the least seniority and least quality of service shall be first removed", apparently without preference to veterans, whereas section 14 of the civil service act requires such removals to be strictly "in numerical order commencing with the last man appointed to the fire or police department."

These, as well as other, irreconcilable conflicts in the objectives and specific provisions of the 2 acts compel my conclusion that they cannot rationally be applied simultaneously and the absence of legislative language expressly so stating does not relieve us in this case of the obligation so to rule. Nor does the absence of legislative language of express repeal compel our construing the 2 acts in such a strained

[4] CL 1948, § 38.510, as amended by PA 1957, No 94 (Stat Ann 1958 Rev § 5.3360).—REPORTER.

[5] CLS 1956, § 38.514 (Stat Ann 1958 Rev § 5.3364).—REPORTER.

[6] CLS 1956, § 35.402a (Stat Ann 1961 Rev § 4.1222[1]).—REPORTER.

fashion that the civil service commissions authorized by the later act are denied the power to determine rights to "original employment and retention" when veterans are involved, in the face of the legislature's apodictic purpose in granting such commissions exclusive authority over appointments, promotions, discharges, and lesser disciplinary actions against firemen and policemen in cities, villages, and municipalities electing to adopt the act. If it be the legislative will to authorize preference of veterans in systems of public employment required otherwise to be based on merit, the legislature can so provide in express terms establishing the standards and the methods by which such preference may be accomplished. It has not yet done so.

I would affirm, but without costs, a public question being involved.